ALBANY,
Feb. 1806.

Schemerhorn
v.
Vanderheyden

## Schemerhorn *against* Vanderheyden.

FROM the return to the *certiorari* in this cause, it appeared that the present defendant in error, in the suit before the justice, declared against the plaintiff in error, on a promise made by the defendant below to one *John C. Schemerhorn,* to deliver a cherry desk of the value of twenty-five dollars to *Catharine Vanderheyden,* wife of the plaintiff. No consideration was stated for the promise. The defendant pleaded *non assumpsit,* and gave notice of a set-off. The cause was tried by a jury, and upon the trial, *John C. Schemerhorn* was sworn as a witness on the part of the plaintiff, who testified that the defendant had applied to the witness for an assignment of his personal property to the defendant, which the witness promised to do, but declared that the witness must purchase a desk for the plaintiff's wife, who was the daughter of the witness, and a sister of the defendant. The assignment was executed by the witness, and was produced on the trial, and which was expressed to be made in consideration of natural love and affection, and of a certain bond which the defendant had executed to the witness to provide for the support and maintenance of the witness and his wife, during their natural lives. It was objected on the part of the defendant, that no parol evidence was admissible to shew a different or greater consideration than what was expressed in the assignment. The justice overruled the objection, and admitted parol proof to be given to the jury in regard to the desk. On which evidence the defendant moved for a nonsuit, but the motion was overruled by the justice, who suffered the cause to go to the jury, who found a verdict for the plaintiff.

A parol promise from one person to another, for the benefit of a third person, will enable that third person to maintain an action on such promise. Where the consideration is set forth in a written contract, evidence to show that a greater or different consideration was intended, is inadmissible.

ALBANY,
Feb. 1806.

Schemerhorn
v.
Vanderheyden

* 2 Lev. 210.

† Vide 3 Bos.
& Pull. 149. in
the notes to
*Pigot* v.
*Thompson.*

‡ Blacks. 1249.
*x eston* v.
*Merceau.*

The cause was submitted to the court without argument.

There were two principal exceptions to the judgment below.

1. That no action could be maintained by the plaintiff on a promise made by the defendant to *John C. Schemerhorn.*

2. That the parol evidence, as to the further consideration of the assignment, was inadmissible.

*Per Curiam.* As to the first objection, we are of opinion, that where one person makes a promise to another for the benefit of a third person, that third person may maintain an action on such promise. This was the doctrine of the King's Bench, in the case of *Dutton* and *wife* v. *Pool,** affirmed in error. The same principle has, since that time, been repeatedly sanctioned by the decisions of the *English* courts.†

But the second objection is well taken. The consideration for the assignment of the personal property of *John C. Schemerhorn,* is expressly stated in the deed of assignment itself, and the parties are thereby precluded from setting up any greater or different consideration.† To allow of parol evidence for that purpose, would be to extend, or substantially to vary the language of a written contract. Though the promise in question may have been made previously to the assignment, yet, after the execution of the instrument, we must presume that the father and son altered the consideration mentioned at first, and finally acted upon that which is set forth in the assignment. Until the assignment was made, the promises not being in writing, were not valid in law, and therefore, no right of action vested in the *cestuy que trust,* in consequence of the first agreement between the father and son. That was a preliminary agreement, void by the statute of frauds, and was waived when the parties consummated their contract by the written instrument.

Judgment reversed.