Per Curiam.
 

 There can be no doubt that the judgment of another state can be examined here, whenever the party in whose name it was obtained, applies to our courts to have it effectuated. The court here, cannot act blind-folded, nor was it ever intended by the act of congress that they should.
 
 *268
 
 The case in Dallas was decided in haste, and without examination of the act ; the legislature only designed to say, that the record of another state certified in the manner prescribed, as a record should be received here, and to this effect are the decisions of the supreme courts of New-York and Pennsylvania, where, after full discussion and consideration, they admitted the plea of nil
 
 debet,
 
 contrary to the opinion of Wilson,
 
 J.
 
 It were absurd to suppose that the act of congress was designed to prescribe the manner of executing judgments of other states ; it would be such a derogation from the sovereignty of states, as could not have been intended, so long as it were necessary to have recourse to their courts for the execution of judgments obtained in other states.
 

 According to the opinion in Dallas, a judgment from another state should have the same effect, and be in the same situation here, as in the state in which it was rendered. Upon that principle it were useless to bring suit upon it at all ; for execution might issue upon it, where it was obtained ; this is not pretended. The true rule seems to be, that as
 
 matter of evidence
 
 we are bound by the constitution and act of congress, to consider it a record of the judgment, being authenticated as the act prescribes ; but the manner of effectuating or obtaining execution of the judgment,is left to the laws of the state where suit is brought upon it.
 

 It has been determined by our courts, that a judgment of another of the United States is not to be considered in the same view as a judgment of a foreign country, and that the plea of
 
 nil debet
 
 will not lie as it would to a foreign judgment, agreeably to the English authorities. Hence it results that our courts seem disposed to consider the judgment of another state in the same point of view with a judgment of our own under similar circumstances. If an action of debt should he brought upon one of our own judgments, an injunction in equity lies. So it is with respect to judgments of other states ; this is as far as the court can go with respect to judgments under the municipal regulations of other states, consistent with the rights of sovereignty, be
 
 *269
 
 lieved to exist in this state, and the nature of courts of justice
 

 In New-York, where they have a court of chance
 
 ry, they
 
 permit a judgment of another state to be contested under the plea of nil debet, which is not be lowing as high a character to judgments as we have.
 

 2 H. B. 409. Peake 48, 70. Kaim.Pr. Eq. 408, n. Mass. Rep. 401. Gd. Esp. N. P. pt. 2, vol. 1, 62. Vol. 2. 443. 1 John. 139. 1 Caine 460. 3 Mass. Rep. 401. 2 Caine’s C. E. 321. 2 Cr. 239.-1 John. 432. 5 John. 132. Hardin’s Rep. 413. 1 Day 7.
 

 The second ground was examined, but as it did not involve any points of law, a statement would be useless. The position taken by the defendant’s counsel in the conclusion of his argument, that if a plaintiff at law acts fairly, the defendant is never relieved here, is not admitted, but under particular circumstances, relief certainly can be afforded.
 

 Campbell, J.
 
 absent.