NEW-YORK,
May, 1814.

SHUTER
v.
PAGE.

In *replevin* the defendant may plead *non cepit* and *property* in himself, or a stranger.

SHUTER *against* PAGE.

THIS was an action of replevin. The defendant pleaded two pleas: 1. *Non cepit*, on which issue was joined; 2. That the *property* of the goods, &c. was in the defendant, *absque hoc*, &c. with a verification.

*Anthon*, for the plaintiff, moved for a rule that the defendant make his *election* as to one of the two pleas, and that the other be struck out. He insisted that they were inconsistent and could not be joined.

The plea of *non cepit* admits the property to be in the plaintiff, and no precedent was to be found in which the two pleas were joined. He cited 1 *Sellon's Prac.* 331. *Gilb. on Replev.* 181. *Woodfall's Tenants' Law*, 588. *Barnes*, 363.

*Sampson*, contra, cited *Pangburn* v. *Patridge*, (7 *Johns. Rep.* 140. 1 *Chit. Pl.* 541. *Barnes*, 364, 365, 347. 1 *Sellon's Prac.* 299. 1 *Tidd's Prac.* 608, 609. 2 *Term Rep.* 237.

*Per Curiam.* Courts have allowed pleas in many instances, apparently as inconsistent as those in the present case. In *Stibbard* v. *Glover*, (*Barnes*, 364.) *non cepit*, property in a stranger, and *liberum tenementum* were allowed to be pleaded together, in replevin. So, *not guilty and justification* may be pleaded in trespass. We see no reason for distinguishing the present case from those decided.* The motion is denied.

* *Com. Dig.*
*Pleader*, E. 2.

Motion denied.