## WARREN *v.* BATCHELDER.

If one request his debtor to pay with the money due, a debt which the former owes to a third party, the money thereupon becomes the money of such third party, if he so elect; and he may recover it in an action for money had and received.

Such election is proved by his demanding and suing for the same, and operates ordinarily to extinguish his claim against his former debtor.

If A, B, and C, agree that the debt which A owes to B, shall be paid to discharge a debt which B owes to C, the debt from B to C is thereby extinguished, and C becomes the creditor of A. And this is so whether C participate in the arrangement when it is made between A and B, or assent to it afterward.

ASSUMPSIT for money had and received. Joseph Dow a witness for the plaintiff, testified that his brother William Dow held a note against the defendant for an amount between $50 and $100, and in September 1839, in company with the witness, called on the defendant for the money. The defendant said that he had been summoned as the trustee of William in an action commenced by the plaintiff, and could not pay over the money until that suit

was settled. William thereupon left in the defendant's hands a sum equal to the plaintiff's demand with costs, which the witness understood this defendant agreed to pay the plaintiff; and the balance of the note the defendant paid to William and took it up. William left the State on that night, and has not since returned.

Edwin R. Stanley testified, that in August 1843 he went with the plaintiff to the defendant, and heard him demand of the defendant payment of a sum of money which the plaintiff declared to be in the defendant's hands for the purpose of discharging an execution in favor of the plaintiff against William Dow.

The plaintiff produced a copy of the record of an action commenced by him March 15, 1839, against William Dow as principal and the defendant as trustee. The writ was served on the principal defendant, and in August upon the trustee, who at the September term of the court at which it was returnable was discharged. Judgment against the principal was rendered in March 1840.

Upon this evidence a verdict was taken by consent of parties for the plaintiff, to be set aside and judgment entered for the defendant, if in the opinion of the court the action can not be maintained upon the evidence.

*Pierce & Fowler*, for the defendant. The original debt from Dow to the plaintiff must be made out; and there must have been a mutual agreement between the three parties that the money left with the defendant should be paid to the plaintiff in payment of Dow's indebtedness. 1 Saund. Pl. & Ev. 673; 1 E. 103; 3 P. & P. 559; 2 D. & E. 180; 3 B. & C. 855; 4 do. 163; 3 B. & Ald. 643; 5 do. 228; 7 N. H. 345.

The weight of authority is against the action, even if money had been paid to the defendant to pay over to the plaintiff. 24 Wend. 260. To maintain the action there must be notice and privity at the time the money was left.

*Norris & Butters*, for the plaintiff. The plaintiff is equitably entitled to recover; and it is admitted that if all three agreed in the arrangement, he may recover. The plaintiff by the act of demanding the money has made himself a party to the transaction, and privy with the defendant. He has adopted the defendant's act of receiving the money for him, and recognizes him as an agent for that purpose. He has therefore a right to recover the money from his agent's hands.

Woods, J. The material facts are these. The defendant was indebted to William Dow upon a promissory note, and Dow was indebted to the plaintiff, who had brought an action to recover his debt and summoned in the defendant as trustee. In that state of affairs Dow requested the defendant to pay the debt and costs to the plaintiff out of the money that was due upon the note. This the defendant promised Dow that he would do; and thereupon paid the balance of the note over to Dow, who surrendered the security.

In short, Dow having money in the hands of the defendant drew it out, except a sum equal to what was due to the plaintiff, and requested the defendant to pay that sum to the plaintiff, which the defendant promised to do. The plaintiff afterward requested the defendant to pay him the money thus appropriated to his use by Dow, and the defendant refused to do so. Can the plaintiff upon this evidence treat the money so left by Dow with the defendant as money had and received by the defendant for the plaintiff's use, and recover the amount in an action for money had and received? Did the promise of the defendant, made to Dow for a valuable consideration, for the plaintiff's benefit and afterward agreed to by him, furnish a sufficient foundation for the action which he has commenced to enforce it?

As a general proposition, it may be assumed that if one

makes a promise to another for the benefit of a third, that third person may maintain an action upon it. *Buller*, J., in *Marchington* v. *Vernon*, 1 Bos. & Pul. 101, note.

A leading case on this point is that of *Dutton* v. *Poole*, 1 Kent 318, 332. It was a promise to the father by a person in remainder, that if he would leave so much wood standing, and forego his purpose of felling it for the object of raising a portion for his daughter, he would pay the daughter the £1000. The daughter after the decease of the father brought her action upon the promise, and it was held that she might recover.

Another case is *Ward* v. *Evans*, 2 Lord Raymond 928, of which the features somewhat resemble those of the case before us. Fellows holding a note against Evans, and owing Ward a smaller sum, directed Evans to pay the amount due to Ward, and to indorse the same amount upon the note. The sum was accordingly indorsed, and Evans gave Ward's servant a bill for the sum he had been directed to pay. The bill was declined by Ward, who brought his action against Evans for money had and received, and recovered. *Holt*, C. J., said, "As for the nature of the action, I am of the opinion that an *indebitatus assumpsit* for moneys received to the plaintiff's use, lies properly in this case, and that this evidence is sufficient to maintain the plaintiff's declaration. For whether the £60 was indorsed on Fellows' bill, as so much paid by Sir Stephen Evans to Fellows, Fellows directing that sum to be paid to the plaintiff, and the defendant having the money in his hands, it amounts to the receipt of so much by the defendant for the plaintiff's use." And *Powell*, J., still more succinctly said, "Fellows' cash remaining in the defendant's hands (when by the indorsement the defendant is discharged of so much of Fellows' note as against him); that money being to be paid by his direction to the plaintiff, is a receipt by the defendant to the plaintiff's use."

The principle of these ancient cases is fully recognized, and has been often applied in those of a more modern date. In *Tatlock* v. *Harris*, 3 T. R. 174, the plaintiffs in assumpsit for money had and received, were holders of a bill drawn by the defendant upon a fictitious house, whose name was inserted as indorsers also. No action could be maintained upon the bill, but the court held in conformity with the principle of *Ward* v. *Evans*, which they cited, that the drawing of the bill was an appropriation of so much money to be paid to the person who might afterward become the holder of the security.

In *De Bernalis* v. *Fuller* & a., 2 Camp. N. P. 426, the plaintiff was holder of a bill payable at the defendants' banking house, and left there for payment, and the clerk of the acceptors paid in the money there for the purpose of taking it up. But the defendants sought to retain the sum to discharge a claim they held against the acceptors. It was held that the money so paid in for the specific purpose of discharging the bill held by the plaintiff, was money received by the defendants to the plaintiff's use, and that this action, which was for money had and received, would lie for its recovery.

The principle was admitted in *Williams* v. *Everett*, 14 E. 582; but that case was held not to lie within it, for the reason that the privity which should have rendered the defendant liable to the action, did not exist, in the peculiar circumstances of the case. The defendant had received bills from one Kelley to be collected and paid to sundry creditors of whom the plaintiff was one, but had always declined to act as requested; and it was held that the evidence was such as to repel the inference of consent on his part, that would have laid sufficient ground for the plaintiff's action.

In *Martyn* v. *Hinde*, the plaintiff maintained special assumpsit for a curate's stipend, upon a writing executed by the defendant to the bishop, and to which the plaintiff

was no party. Cooper's Rep. 437. And in *Pigott* v. *Thompson*, 3 Bos. & Pul. 149, Lord *Alvanley*, C. J., expressed the opinion, that if A let land to B in consideration of which the latter agrees to pay the rent to C, his executors, and administrators, C may recover it.

*Garrett* v. *Handley*, 4 Barnw. & Cressw. 664, decides that a written guarantee given to a member of a firm for the benefit of all the partners, will support an action in the name of all.

In *Schemerhorn* v. *Vanderhayden*, 1 Johns. 139, it was held, that where one makes a promise to another for the benefit of a third person, that third person may maintain an action upon it. The court referred to the cases of *Dutton* v. *Poole* and *Pigott* v. *Thompson*, and the cases cited in the note to the latter.

In *Curtis* v. *Norris & Trustee*, 8 Pick. 280. Norris having merchandise in the hands of Haven, directed him, when the same should be sold, to apply the proceeds to pay a bill to Swett & Co. This Haven agreed to do, and it was held, that he could not afterward be charged as the trustee of Norris at the suit of another creditor. The court say, "Haven having given the notice, and having expressly engaged to pay the bill from the funds thus appropriated, the assent of Swett & Co. must be presumed; for it was for their benefit, and they did not dissent," &c. "Haven was liable to an action upon the promise," &c.

In *Owings* v. *Owings*, 1 Harris & Gill 484, it was held, that if one pays money to another for the use of a third person, and the receiver undertake to pay it accordingly, the third person may have an action to recover it.

The same general doctrine is contained in *Pattee* v. *Yale College*, 8 Conn. 60; and in this State in *Heaton* v. *Angier*, 7 N. H. 397.

The facts before us present a case of money had and received by the defendant to the use of the plaintiff. And provided the plaintiff is so far a party to the arrangement

as to be entitled to receive the money, he may upon the general principle of the cases cited, maintain this action. But if before commencing the suit, he was no party to the arrangement, either by an original participation in it or by a subsequent assent to it and adoption of its provisions, he does not stand in such privity with the defendant as to be entitled to maintain the action.

And it is well settled, that unless the demand of the plaintiff against Dow is to be considered as cancelled and discharged by the arrangement, his assent to it is not so perfect and unqualified as to entitle him to the benefit which it was intended to provide for him. But the money having been deposited with the defendant for the purpose of paying the debt which Dow owed to the plaintiff, the assent of the plaintiff to that arrangement, and his acceptance of that provision made for the payment of his demand, whether such assent and acceptance were contemporaneous with the acts of the other parties, as in *Heaton* v. *Angier*, or subsequent, as in the case from Lord Raymond, must operate to discharge the debt for which it was designed to provide, unless there should be cause for holding that the provision was merely collateral. Such cause does not exist perhaps in the present case, for the money appears to have been left for the express purpose of discharging the debt, and the plaintiff does not claim it for any other purpose, nor is he while pursuing this action for its recovery, prosecuting any collateral measures against the original debtor, William Dow.

And we are all of the opinion, that in such case of deposit by a debtor with a third party for the payment of his debt, and the promise of him with whom the money is deposited to pay the same to the creditor, together with the assent of the creditor to the arrangement, and his acceptance of the provision which is made by it for securing the payment, his claim must be deemed and taken

to be discharged and paid, and a new debt and a new debtor adopted in the place of the old.

The remaining and important question is, whether the evidence furnished by the case proves such assent of the plaintiff to the arrangement between Dow and the defendant, so that a privity between the parties to this suit became established, and a foundation for the action laid? Whether in short, the money deposited with the defendant for the plaintiff, ever in fact became equitably his, before the commencement of the action. For it is held that some thing more than the commencement of a suit is necessary to indicate the assent of the plaintiff, and some thing anterior to that measure is needful to establish the privity on which the suit is founded. This was expressly decided in *Butterfield* v. *Hartshorn*, 7 N. H. 345, a case which can not be distinguished from the present in any important particular, except that it did not present the evidence of such assent.

. It was there held that without such a demand, the action could not be maintained, and a suggestion was made that a mere demand of payment and a refusal by the holder of the money deposited, could hardly amount to a payment and discharge of the antecedent debt. This suggestion appears to be a perfectly reasonable one; but a demand and refusal followed by a suit or any other equally plain demonstration of a purpose to adopt and to insist upon the new provision, is such evidence of an election of it in preference to the original debt, as to conclude the party, and to bar him from the pursuit of a collateral remedy against the terms and the intentions of the parties who have furnished the new.

A direct and explicit assent in terms, to accept the provision as payment, would clearly upon the authority of *Heaton* v. *Angier* discharge the antecedent debt. Whether the assent be contemporaneous or not, seems immaterial. If the assent appear, not by the clear and unambiguous

language of the party creditor, but by his unambiguous act, it is equally availing as an election between two remedies of which he is entitled to only one. The bringing of an action following a demand, is an act that may well be regarded as an election of remedies, and should be attended by the proper consequences of an election, in excluding the party from the alternate and collateral remedy.

These facts are presented by the case, and there is evidence upon which the jury might well have found for the plaintiff. There must therefore be

*Judgment on the verdict.*