Walrath *v.* Barton.

[JEFFERSON GENERAL TERM, July 7, 1851. *Pratt, Gridley, Allen* and *Hubbard,* Justices.]

M. & D. WALRATH *vs.* BARTON.

In an action of trespass, for diverting water from the plaintiffs' mill, the defendant, by giving evidence tending to show title to the *locus in quo* in the state, is not precluded, as by an estoppel, from proving that the water was taken in pursuance of the laws of the state, by the direction of a canal commissioner, for a temporary supply of water for the state canal.

A superintendent of a canal may justify taking the waters of a stream, for the temporary use of the canal, in pursuance of the directions of a canal commissioner, although at the time of diverting the water he did not claim to act in obedience to the directions of the canal commissioner, and to take the water as a temporary and not as a permanent appropriation.

THIS was an action of trespass, for damages to the plaintiffs' mill, situated on the Chittenango creek, in the county of Madison, and was tried before Mason, justice, at the Madison circuit in December, 1849. The injury complained of consisted in the erection of a dam at the head of the plaintiffs' flume, and taking

Walrath *v.* Barton.

boards from the top of the bulkhead, by which the water was diverted from the plaintiffs' mill into the Chittenango canal and feeder, to supply the Erie canal with water. The defendant was superintendent of the Erie canal, and as such, committed the acts complained of. After proof of the injury, the defendant gave in evidence a transcript of the map of the canal and feeder, at that point, made under the provisions of 1 R. S. 218, §§ 4, 5, 6, and adopted by the laws of 1837, p. 518, § 6. The introduction of the map and accompanying certificates in evidence was objected to by the plaintiff, and certain facts and circumstances were insisted and relied upon by the plaintiff as overcoming the presumption of title in the state, resulting from the map ; and upon this evidence, under the instructions of the court, the jury found in favor of the plaintiffs. After the introduction of the map and certificates, the defendant proposed and offered to prove that the defendant took the water by direction of Jonas Earl, the acting canal commissioner on that section of the Erie canal, for a temporary supply of water for that canal. This evidence was objected to, for several reasons, and excluded by the court upon two grounds, which are referred to in the opinion of the court. The jury rendered a verdict for the plaintiff, and the defendant now moved for a new trial, on a case.

*T. Jenkins*, for the plaintiffs.

*W. Hunt*, for the defendant.

*By the Court*, ALLEN, J. Several reasons were urged by the counsel for the plaintiffs, upon the trial, in support of his objection to the evidence offered by the defendant, that the water, for the diversion of which this action was brought, was taken by direction of the acting canal commissioner, for a temporary supply for the Erie canal. But as the decision of the judge was based upon two grounds distinctly put forth, and as some if not all the other grounds urged by the plaintiffs' counsel might possibly have been obviated by further evidence on the part of the defendant, it will be proper to examine solely the grounds upon which the

decision of the judge, in excluding the evidence, was put.    These reasons were, 1. That the defense proposed to be established by the evidence offered was inconsistent with the defense already put forth ; and 2. That the facts offered to be proved would afford no justification to the defendant, unless at the time of doing the act complained of he claimed to act in obedience to the canal commissioner and to take the water as a temporary and not as a permanent appropriation.    At the time the evidence was offered the defendant had not closed the evidence on his part.    The case was still with him, and there was therefore no question addressed to the discretion of the court, in relation to his right to make a new case in reply to his adversary, as was the case in *Edwards* v. *Sharratt*, (1 *East*, 604,) and in other cases.    If the evidence was competent, and the party had not in some manner estopped himself from giving the evidence then offered, his right was absolute.    In other words, it was a question of legal right, not a question of practice, addressed to the discretion of the court. Was the defendant, then, by giving evidence tending to show title to the *locus in quo* in the state, precluded as by an estoppel from alledging that the water was taken in pursuance of the laws of the state, by the direction of the acting canal commissioner, for a temporary supply of water for the state canal ?  In *Winchell* v. *Latham*, (6 *Cowen*, 682,) which was an action upon a promissory note, in which the principal question was as to the consideration of the note, and the plaintiff had insisted, and given evidence tending to prove, that the note was given upon a pecuniary consideration, and in doing so had rendered himself guilty of subornation of perjury if his claim in that behalf was untrue, it was held that he was not at liberty to submit it to the jury to say whether the note was not given upon another and entirely different consideration, and in relation to which there was no evidence except his own declaration, called out by the defendant, with a view to oppose the case made on the part of the plaintiff.    That case was very peculiar, and not at all analogous to this ; and in that without resting their decision solely on the ground of estoppel, the court sustain their views upon that branch of the case by the analogy which was supposed to exist

Walrath *v.* Barton.

between that case and the class of cases in which it had been held that when the consideration is set forth in a written contract, evidence to show that a greater or different consideration was intended was not admissible, and they refer to 1 *John. Rep.* 139; 3 *Id.* 506; 7 *Id.* 341; and 2 *Wm. Bl.* 1249. It will be seen by reference to the case itself, that neither the principle decided or the reasoning of the judge by whom the opinion was pronounced can affect the question in this cause. Reference is also made to the opinion given by this court when this case was before us on a former occasion. The suggestion which was then made had reference to a supposed possible estoppel *in pais*, growing out of the acts of the defendant at the time of the taking of the water, and not to the question now before us; and no expression or intimation of an opinion was given even upon the question suggested. In pleading, defenses apparently inconsistent are allowed to be interposed by separate pleas; as in assumpsit, non-assumpsit, infancy, a release, and the statute of limitations; in covenant, non est factum, a discharge by bankruptcy, and the statute of gaming or usury; in trespass, not guilty, and a justification, and accord and satisfaction may be pleaded together : so not guilty and son assault demesne ; so a license and justification ; so not guilty and liberum tenementum ; and so of several other defenses which would be obnoxious to the objection taken in this action. (1 *Ch. Pl.* 562. *Bac. Ab. Pleas,* K. 3. 11 *John.* 196.) Had the defendant pleaded specially, first, title in the state and entry under authority from the state, and secondly, that the entry was made by authority of law and under the direction of the canal commissioners, and the water taken for the purpose of a temporary supply of water to the Erie canal, no valid objection could have been taken to the pleas for inconsistency; and if not, then no objection could have been taken to the proof of the defenses upon the trial. Whatever a party may aver upon the record, by plea, he may, if it is controverted, prove upon the trial. No copy of the pleadings has been furnished, for the reason that no question arises upon them. In this action the evidence, if competent at all, was competent in favor of this defendant under the general issue, but it is not

for that reason any the less competent than it would have been had it been specially pleaded. There was nothing in the character of the defenses, or in the conduct of the defendant upon the trial, which should have precluded him from the defense. Indeed I see no necessary inconsistency between the defenses. They may both be true. The state may have been the owners of the land and water, and the latter may have also been taken by the officers for a temporary purpose, and under circumstances which would have protected them in entering upon the premises of the plaintiff and taking the water for the purposes named. The water was clearly taken for temporary not permanent use, and neither the commissioner or superintendent were called upon to decide upon the validity of the title of the state at their peril, but might appropriate the water, as by law they had a right to do if it was the property of an individual, leaving the party to seek his remedy under the statute if the title was in him. Upon the trial of an action for the trespass, the state officers might not only show this appropriation, but they might also show that the plaintiff had no title.

The second ground upon which the decision of the judge in the exclusion of the evidence was based is also, in my judgment, untenable. The offer was sufficiently comprehensive to embrace every fact required by the statute under which the water might have been taken by the canal commissioners for a temporary purpose. The case of *Lynde* v. *Stone*, (4 *Denio*, 356,) decides this point, and goes further than it is necessary to go in this case. The decision in that case was that a canal commissioner might justify taking the waters of a stream for the temporary use of the canal; though he declared, when the diversion was made, that the water taken belonged to the state and that he did not act under the statute authorizing the taking of water for a temporary supply. If a canal commissioner could justify under such circumstances, then the superintendent of canals, acting under him and by his authority, would be justified under the same circumstances. And if justified when expressly disclaiming to act under the statute, then *a fortiori* the want of any claim, or any assertion, would not preclude a defense under the

statute, and prohibit the party from showing that he acted in pursuance of its authority. A reference to the statutes upon this subject will show that it is nowhere made incumbent upon the canal officers to give notice of the authority under which they act, or to proclaim that they are acting under that particular statute, and taking water, the property of an individual, for a temporary purpose. (1 *R. S.* 227, §§ 58, 59. *Stat.* 1833, *p.* 261, §§ 1, 2; 1836, *p.* 407, §§ 10, 11.)

For the exclusion of the evidence offered, and without considering the other questions made, a new trial must be granted; costs to abide the event.

