## HOFFMAN *vs.* SCHWAEBE.

S. assigned to M. a contract for the sale of land, for which M. gave his two promissory notes for $50 each, dated July 8, 1857, payable one year from date, with interest. The notes were signed by H. the plaintiff, as surety for M. On the 18th of November, 1857, M. assigned the same contract to the defendant, who made an agreement with M. in part consideration thereof, to pay the notes which had been given to S. by the latter. H. having paid the notes, brought an action against the defendant to recover the amount so paid. *Held* that although, under the facts of the case, the agreement of the defendant, to pay the notes, was a valid one, yet that there was no privity between him and the plaintiff, which would sustain an action by the latter.

*Held, also,* that the only rights H. had were the rights of a surety for M., and that as such his action must be brought against M.

JAMES E. SMITH assigned to Adam Miller a contract for the sale of land, for which Miller gave his two notes of $50 each, payable one year from date with interest. The notes were dated July 8, 1857, and were signed by Hoffman the plaintiff, as surety for Miller. Subsequently, and on the 18th November, 1857, Miller assigned the same contract to the defendant, who made an agreement with Miller in part consideration thereof, to pay the notes which had been given to Smith by the latter. Hoffman paid the notes and brings this action against the defendant, to recover the amount so paid. The case was tried at the circuit court held in Steuben county, January, 1860, and the plaintiff was nonsuited, on the ground that there was no privity of contract between Hoffman and the defendant. The plaintiff had leave to make a bill of exceptions, and the same was ordered to be heard in the first instance at the general term.

*Geo. B. Bradley,* for the plaintiff.

*Geo. T. Spencer,* for the defendant.

*By the Court,* KNOX, J. The promise of Schwaebe to pay the two notes of $50 each, given by Miller and signed by the plaintiff Hoffman, as surety for him, was made to Miller

and not to Hoffman, and the consideration of the promise proceeded from Miller alone. Therefore the judge at the circuit properly held that though, under the facts of the case, the agreement of the defendant to pay the notes was a valid one, there was no privity between him and the plaintiff. The cases cited by the plaintiff's counsel may be divided into two classes: First. Those which show that a promise of the kind made by Schwaebe to Miller is not within the statute of frauds; and Second. Those which hold that when one person makes a promise to another, for the benefit of a third, such third person may maintain an action on it, though the consideration do not move from him, and he be not privy to the agreement.

I need not refer to the first class of cases, because the court did not hold that the promise was void; and as to the second class, we need only refer to them for the purpose of seeing whether this promise of Schwaebe can be said to be a promise made for the benefit of Hoffman. I call attention to but one case, in this class—*Lawrence* v. *Fox*—because in that, nearly all the cases cited by the plaintiff are also cited; and because in this case the court of appeals have reached the "ultima thule" of the principle above stated. In this case, one "Holley, at the request of Fox, loaned him $300, stating that he owed that sum to Lawrence, and had agreed to pay it the next day; and the defendant, in consideration thereof agreed to pay it to Holly next day." Here it will be seen that although the plaintiff was not privy to the consideration, the promisee owed him the $300, which the promisor agreed to pay to him. But in the case before us, Miller, when the promise was made, did not owe Hoffman, and Hoffman had no right of action against any one, and could have none, till he had paid the notes upon which he was surety for Miller. It is true that it would have benefited Hoffman had Schwaebe fulfilled his agreement with Miller; but there is a plain distinction between a promise, the performance of which may benefit a third party, and a

promise made expressly for the benefit of a third party. The promise of Schwaebe belongs to the former class. And the courts have not yet held that an action on such a promise can be maintained by the person who would be benefited by its fulfillment. In a word, the only rights of Hoffman, are the rights of a surety for Miller. As such his action must be against Miller.

As the agreement of the defendant created no privity between him and the plaintiff, and his promise was not made to Miller for the benefit of the plaintiff, the action failed, and a nonsuit was properly ordered.

New trial denied, with costs.

[MONROE GENERAL TERM, September 3, 1860. *Smith, Johnson* and *Knox,* Justices.]