## Snow et al. v. Macfarlane et al.

1. CONTRACTS.—*Can Not be Varied by Parol.*—The legal effect of a writing—what it means by express words or by implication—can not be varied by parol.

2. TRUSTEES.—*Not to Speculate on the Funds.*—Persons standing in a fiduciary relation have no right to speculate upon the interests com-

mitted to their care, or to put themselves in a position adverse to the interests of the appellants.

3. AGENTS.—*Benefits Belong to the Principal.*—In any contract of purchase and sale with the principal, or other transaction by which the agent obtains a benefit, a presumption arises against its validity which the agent must overcome.

**Memorandum.**—Chancery proceedings. Appeal from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in this court at the October term, 1893, and affirmed. Opinion filed November 27, 1893.

The statement of facts is contained in the opinion of the court.

PENCE & CARPENTER and OLIVER & SHOWALTER, attorneys for appellants.

APPELLEE'S BRIEF, J. S. HUEY, R. S. THOMPSON AND JAMES R. MANN, ATTORNEYS.

In all cases where a person is either actually or constructively agent of a person, all profits and advantages made by him in the business beyond his ordinary compensation, are to be for the benefit of his employer. Paley on Principal and Agent, 51.

And not only interest, but every other sort of profit or advantage, clandestinely derived by an agent from dealing or speculating with his principal's effects, is the property of the latter, and must be accounted for. Love et al. v. Hoss, 62 Ind. 255.

A real estate broker who, for a specified compensation, agrees with the owner of a tract of land to negotiate the sale of the same for a particular price, is liable to his principal without demand, for any excess received by him in making sale of such tract, concealed by him from his principal. Dodd v. Wake, 26 N. J. Eq. 484.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

On the first day of August, A. D. 1890, the appellees were the owners of lands in section 1, township 39, range 14, in Cook county, which at the price of $2,500 per acre amounted

to $262,080. The legal title, in trust for them, was in one Samuel W. Jackson.

The appellants composed the firm of Snow & Dickinson, real estate agents.

On the day named the appellees gave to the appellants a paper as follows:

"August 1st, 1890.

Snow & Dickinson:

Gentlemen: We, the undersigned, owners of the property on the other side of this sheet, give you the exclusive agency to sell the same for thirty days hereafter for the sum of $2,500 per acre in bulk, entire tract, according to the acreage thereon printed. Terms, quarter cash. Purchaser to assume present mortgage of $136,000, balance to be arranged between us in second mortgage.

If this is sold in less bulk than entire tract, prices are to be as marked on this plat. Terms to be agreed upon between us.

If sold by you before thirty days from this date, we agree to pay you three per cent commission for selling the same.

JOHN W. MACFARLANE,
H. S. REYNOLDS,
W. H. PRIDMORE,
S. B. FOSTER,
W. A. PRIDMORE."

The signatures are of the appellees. On the twenty-third of that month the appellants and Sherburn Bryant made this contract:

"This memorandum witnesseth, that Samuel W. Jackson, by Snow & Dickinson, his agents, hereby agree to sell, and Sherburn Bryant agrees to purchase, at the price of $288,288, the following described real estate in the county of Cook, in the State of Illinois: Blocks one (1) to six (6), both inclusive, and eight (8) to twenty-five (25) both inclusive, in Stony Island Heights Subdivision, being a subdivision made by the Calumet and Chicago Canal and Dock Company, of part of the southwest quarter of section one (1), town-

Snow v. Macfarlane.

ship thirty-seven (37) north, range fourteen (14) east of the third principal meridian. Subject to all taxes and assessments levied after the year 1889, and any unpaid special taxes or assessments levied for improvements not yet made. Also subject to an incumbrance of $131,365, payable as follows: $40.587 on or before May 29, 1891; $45,389 on or before May 29, 1892; $45,389 on or before May 29, 1893, with interest at the rate of six per cent per annum, payable semi-annually, which incumbrance, with interest from this date, the said purchaser hereby agrees to assume and pay as part of the consideration hereof.

Said purchaser has paid $5,000 as earnest money to be applied on said purchase when consummated, and agrees to pay within five days after the title has been examined and found good, the further sum of $91,208, at the office of Snow & Dickinson, in Chicago, provided a good and sufficient general warranty deed, conveying to said purchaser a good title to said premises, with waiver and conveyance of any and all estates of homestead therein, and all rights of dower, inchoate or otherwise (subject as aforesaid) shall then be ready for delivery. The balance to be paid as follows: $60,715, on or before one year from this date, with interest from this date at the rate of six per cent per annum, payable semi-annually, to be secured by notes and mortgage, or trust deed of even date herewith, on said premises, in the form ordinarily used by Snow & Dickinson. A complete abstract of title or merchantable copy to be furnished within a reasonable time, with a continuation thereof brought down to cover this date. In case the title, upon examination, is found materially defective within ten days after said abstract is furnished, then, unless the material defects be cured within sixty days after written notice thereof, the said earnest money shall be refunded and this contract is to become inoperative.

Should said purchaser fail to perform this contract promptly on his part at the time and in the manner herein specified, the earnest money paid as above shall, at the option of the vendor, be forfeited as liquidated damages, includ-

ing commissions payable by vendor, and this contract shall
be and become null and void.   Time is of the essence of this
contract, and of all the conditions thereof.   This contract
and the said earnest money shall be held by Snow & Dick-
inson for the mutual benefit of the parties hereto.

In testimony whereof, the parties hereto set their hands
this 23d day of August, A. D. 1890.

Samuel W. Jackson,<br>
By Snow & Dickinson, Agts.<br>
S. Bryant."

On the same day last named, Jackson, at the instance of
the appellants and one George I. Hicks, who was a clerk in
their office, made this paper:

" This Memorandum Witnesseth :   That Samuel W. Jack-
son hereby agrees to sell, and George I Hicks agrees to
purchase, at the price of $262,080, the following described
real estate, situated in Cook County, Illinois:   Blocks 1 to
6, both inclusive, and 8 to 25, both inclusive, in Stony Island
Heights Subdivision, being a subdivision made by the Cal-
umet and Chicago Canal and Dock Company of part of the
southwest quarter of section one (1), township 37 north,
range 14 east of the third principal meridian.   Subject to all
taxes and assessments levied after the year 1890; any un-
paid special taxes or assessments levied for improvements
not yet made; also subject to an incumbrance of $131,365,
payable as follows:   $40,587 on or before May 29, 1891;
$45,389 on or before May 29, 1892, and $45,389 on or before
May 29, 1893, with interest at the rate of six per cent per
annum, payable semi-annually, which incumbrance, with in-
terest from this date, the said purchaser hereby agrees to
assume and pay as part of the consideration hereof.

Said purchaser has paid $5,000 as earnest money, to be
applied on said purchase when consummated, and agrees to
pay, within five days after the title has been examined and
found good, the further sum of sixty-five thousand (65,000)
dollars, at the office of Snow & Dickinson, Chicago, provided
a good and sufficient general warranty deed, to Sherburn
Bryant, conveying to said Bryant a good title to said prem-
ises with waiver and conveyance of any and all charges of

homestead therein; and all rights of dower, inchoate or otherwise (subject as aforesaid), shall then be ready for delivery.   The balance to be paid as follows:   $160,715 on or before one year from this date, with interest from this date at the rate of six per cent per annum, payable semi-annually, to be secured by notes signed by Sherburn Bryant, and mortgage, or trust deed, of even date herewith, on said premises, in the form ordinarily used by Snow & Dickinson.   A complete abstract of title, or merchantable copy to be furnished within a reasonable time, with a continuation thereof brought down to cover this date.   In case the title, upon examination, is found materially defective, within ten days after said abstract is furnished, then, unless the material defects be cured within sixty days after written notice thereof the said earnest money shall be refunded and this contract is to become inoperative.   The vendor hereby agrees to put the consideration in said deed at any sum said Bryant may desire at the time the same is made.

Should said purchaser fail to perform this contract promptly on his part, at the time and in the manner herein specified, the earnest money paid as above, shall, at the option of the vendor, be forfeited as liquidated damages, including commissions payable by vendor, and this contract shall be and become null and void.   Time is the essence of this contract and of all the considerations thereof.

This contract and the said earnest money shall be held by Snow and Dickenson for the mutual benefit of the parties hereto.

In testimony whereof, said parties hereto set their hands this 23d day of August, A. D. 1890.

If this contract is recorded it is thereupon to become void, and said deposit of $5,000 forfeited to said Jackson.

Samuel W. Jackson,<br>George I. Hicks."

On the twenty-second of September following, the appellees gave to the appellants this paper:

" Chicago, Ill., Sept. 22, 1890.

In consideration that Snow & Dickenson have brought about and are now about to consummate the sale of blocks

1 to 6, both inclusive, and blocks 8 to 25, both inclusive, in Stony Island Heights Subdivision, being a subdivision made by the Calumet and Chicago Canal and Dock Company of a part of the southwest quarter of section 1, township 37 north, range 14 east of 3d principal meridian, for the sum of $288,288, of which $50,000 is cash, and the balance to be secured by deed of trust or mortgage on said property, we, and each of us, hereby agree to pay and deliver to said Snow & Dickenson for making said sale, of the notes representing the deferred payments of said purchase money, the following notes: One to be made by Sherburn Bryant for $16,570, due on or before November 1, 1890, with interest, and one note made by said Bryant for $10,000, with interest due on or before November 1, 1890.

The foregoing notes are to be delivered to Snow & Dickinson when said sale is closed, and as soon as the same are executed and delivered by said Bryant, and shall be in full for all compensation of said Snow & Dickinson, in respect to said transaction, and shall be their absolute property.

> SAMUEL W. JACKSON,
> SAMUEL B. FOSTER,
> H. J. REYNOLDS,
> W. H. PRIDMORE,
> W. A. PRIDMORE,
> J. W. McFARLANE."

On the next day a deed was executed and delivered by Samuel W. Jackson to Sherburn Bryant, on the terms of the contract with Bryant, except that the times of payment were changed. The terms of the paper last copied were carried out; the appellants collected the money on the notes, and thereby received $25,411.36 more than three per cent commission on $288,288, the price on the sale to Bryant.

The object of this suit is to compel the appellants to pay that excess to the appellees, and the decree is for that sum, with interest in favor of the appellees. In general terms it may be said that the testimony is conflicting upon every-

thing not in writing. Upon that testimony on one side, it is argued that the paper first copied herein, was an option to the appellants, to themselves buy the property, and that on the sale to Bryant they were entitled to the difference in prices as their profit. To that it is sufficient to answer that the legal effect of a writing—what it means by express words or by implication—can not be varied by parol. Schultz v. Plankinton Bank, 40 Ill. App. 462.

Had the giving up to the appellants of the notes, mentioned in the paper of September 22d, been a gift by the appellees, it would have been irrevocable (8 Am. and Eng. Ency. of Law, 1339), unless the relations of the parties prevented that consequence. But it does not purport to be a gift, but payment for services already substantially rendered, under a retainer for a much smaller consideration. The appellants could not demand more than the price they had agreed upon. 1 Chitty on Cont., 60.

They were in a fiduciary relation and had no right to speculate upon the interests committed to their care, or to put themselves in a position adverse to the interests of the appellants. Hughes v. Washington, 72 Ill. 84.

"In any contract of purchase and sale with the principal, or other transaction by which the agent obtains a benefit, a presumption arises against its validity which the agent must overcome." 2 Pomeroy's Equity, 486.

On the case as thus far stated, there is no good reason why the agents should have the money of their principals.

It further appears that Bryant professed, at the time that the sale was to be closed up, that he was unable to perform on his part, and that to close the sale the appellants took one-fifth interest in the property with Bryant, but on the whole evidence it is by no means certain that the appellees were informed, before the deed from Jackson to Bryant was delivered, of this action of the appellants.

It is therefore irrelevant to discuss what the effect would have been if the appellees had been informed.

The paper of September 22, 1890, under which the appellants took the notes, makes no allusion to any new consider-

ation. The appellants can not claim any rights under what might have been, but never was, a consideration.

That the appellees availed themselves of all the benefits of the sale by receiving money upon the deferred payments, after they knew that the appellants had taken the fifth interest in the property, is true; if their interest in the property were a thing to be avoided or confirmed, rescinded or ratified, it is too late to undo what was done. But as the case is presented, the matter of who were interested in the purchase is unimportant; the sale, so far as the appellees knew, was to Bryant; they do not seek to rescind any part of the transaction with him; they have the right to stand now upon what they then had notice of.

Thus regarded, the case is that the agents have the money of their principals with no right to retain it.

The decree is affirmed.