## BENJAMIN L. CLEAVES

### *v.*

## PHILLIPINE HERBERT.

1. PLEADINGS—*evidence.* Under a plea of property in the defendant in an action of replevin, a chattel mortgage, the conditions of which have been broken, is admissible in evidence. Such a mortgage is sufficient to enable the mortgagee to recover the property in an action of replevin.

2. CHATTEL MORTGAGE—*lien.* The lien of a chattel mortgage is not lost because the mortgagee fails to take possession of the mortgaged property on the maturity of the first of a series of notes secured by the mortgage, as he might do under its provisions, but the lien continues until the last payment falls due. It is optional whether the mortgagee will reduce the property to possession on default in the payment of any but the last instalment.

3. Where the mortgage describes the property as a "stock of goods," and provides that the mortgagor may retain and use the same until default in payment: *Held*, that the use of the goods, consisting of liquors, etc., does not necessarily imply that the mortgagor may sell the same, although he was a trader in liquors; that wines and liquors are frequently kept in store to improve by age, as one of their uses by the owner.

APPEAL from the Superior Court of Cook county.

Mr. W. T. BURGESS, for the appellant.

Mr. IRA W. BUELL and Mr. WILLIAM VOCKE, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The first objection taken as a ground for reversing the judgment in this case, is the admission in evidence of the chattel mortgage, in support of the averment of property in the plaintiff below, under the issue formed on the plea of property.

It is said the plea of property imports an absolute right to the subject of the suit, while the mortgage shows only a qualified right to it; and that, therefore, the mortgage was not admissible in evidence under such issue.

The mortgage had become forfeited, according to its terms, by default in the payment of one note and the levy of an execution upon the property, and it tended to show a right of possession in the plaintiff, and such a property in the subject of the mortgage as would maintain the action of replevin, and was admissible in evidence. The issue made upon the plea of property, in this action, does not involve the *absolute ownership* of the goods, as is supposed. It is sufficient if the plaintiff has a special interest in the property entitling him to the present possession. *Warner* v. *Matthews*, 18 Ill. 83 ; *Rogers* v. *Arnold*, 12 Wend. 30 ; 2 Greenlf. Ev. sec. 561.

It is next objected that the necessary preliminary proof that the mortgagor, at the time of the execution and acknowledgment of the mortgage, resided in the district of the justice before whom it was acknowledged, was not made so as to warrant the reading of the mortgage in evidence to the jury. The certificate of acknowledgment names the county, only, of the justice, not the town. The effort on the trial on the part of the plaintiff was, to show the mortgagor's residence to have been in the town of South Chicago, and on the part of the defendant that it was in the town of North Chicago ; and although not very clearly proved, the jury were warranted in

finding the former to have been the place of the mortgagor's residence.    The only controversy in this respect was upon that point.

It seems to have been assumed in the course of the examination of witnesses, and in instructions asked by defendant's counsel, that South Chicago was the town of the justice.

This objection we do not regard as well taken.

It is again insisted that there was not a sufficient demand upon the sheriff for the property.    The fault found with it is, that plaintiff made claim for two notes, being more than she was entitled to claim as against the sheriff, because the note due August 1st, 1870, was then, as against the sheriff, under the execution no longer a lien.    This seems to be under the mistaken idea that the lien of that note was lost because possession was not taken of the mortgaged property on the note becoming due.    Such is not the case.    When several notes maturing at different dates are secured by a chattel mortgage, and the condition of the mortgage is broken on default in payment of any one of the notes, it is, nevertheless, optional with the mortgagee to take possession on the first default or to await the maturity of the last note and then take possession.    *Barbour et al.* v. *White et al.* 37 Ill. 165.

As to not specifying the property demanded, we regard the demand as sufficient in that respect.

It is finally urged that the mortgage was fraudulent and void as to creditors, on the ground that the mortgagee permitted the mortgagor to hold a portion of the property described in the mortgage, for sale, and to sell from the same in the ordinary course of his business.

It is contended that such permission appears upon the face of the mortgage.

The property is described in the mortgage under the general terms, "all the stock of wines, liquors, cigars, barrels, kegs, crockery ware, glassware, bottles, saloon fixtures and furniture, gas fixings, and all such other goods and fixtures

contained in the basement of the five-story brick building," etc. It provides that the mortgagor "should retain possession of said property, and at his own expense to keep, and to use and enjoy the same until default," etc. It was in proof that the plaintiff, being a dealer in wines, etc., and keeping a saloon, had sold out her stock in trade and business to Kutz, the mortgagor, and had taken back upon the property this mortgage.

It is said that, by the terms "stock" and "goods," is to be understood the articles of personal property in store for sale by a dealer to customers in the course of business—that the only *use* Kutz had for the stock was to sell it. And it is contended, therefore, that under the circumstances the use of this term in the mortgage, itself, evidenced the intent of the parties that as to whatever property in the basement, would be included in the description of stock and goods, the right to use meant the right to sell.

But we can not adopt this view and attach such significance to this permission to "use and enjoy," where so much of the property mortgaged was for the purpose of mere use in the carrying on of the mortgagor's business, and especially in view of the provision in the mortgage that it should be forfeited in case of the sale of any part of the property mortgaged. The jury, too, might have considered that the most profitable use of the wines was to let them lie and improve by age. We can not hold, then, that this mortgage, on its face, imports a permission to the mortgagor to make sale of any portion of the property mortgaged in the course of business.

There are circumstances attending and following the execution of the mortgage which tend to show that the wines mentioned in the mortgage were retailed by the mortgagor to his customers, but no direct proof was adduced that any of these specific wines were sold or retailed. There are, also, circumstances tending in the contrary direction. The furniture replevied was found in the front room of the basement, in which room the saloon was kept; and the wines in the rear, in

what is called the cellar. It was in casks and barrels, and some bottled wine. There was a lot of wine there besides what was replevied. The plaintiff's wine was all on one side of the cellar, with her brand on it. On the other side of the cellar were other casks of wine with Kutz's, the mortgagor's name, on them. The evidence seems to establish the fact that the wines which were taken were still in their original casks or packages, and it tends to show they had not been drawn from.

The evidence was conflicting, and we do not feel prepared to say that the verdict was so clearly against the weight of the evidence as to call for its disturbance on that ground. The newly discovered testimony was but cumulative, and presented no sufficient ground for a new trial.

The instructions seem to have presented to the jury the law, as applicable to the facts of the case, very fully and correctly.

We perceive no substantial error, either in giving, refusing, or modifying instructions.

The judgment of the court below is affirmed.

*Judgment affirmed.*