MARSEILLES MANUFACTURING COMPANY

V.

ROCKFORD PLOW COMPANY.

*Replevin—Chattel Mortgage to Secure Series of Notes—Assignment of One—Priority of Lien—Rights of Assignee—Possession.*

1. Where several notes maturing at different dates are secured by a chattel mortgage, and the condition of the mortgage is broken by default in payment of any of the notes, it is optional with the mortgagee to take possession on the first default or await the maturity of the last note.

2. Where the mortgage secures several notes due at different times, and there is no special provision to the contrary, they have priority of lien an1 are entitled to payment from the proceeds of the mortgaged property in the order in which they become due and payable.

3. Where the powers given in a chattel mortgage to take possession of the mortgaged property and make sale thereof, are expressly conferred upon the mortgagee and not upon his assigns, a mere assignee of one of the notes secured by the mortgage has no right to assume possession of and sell the property. If he does so, the mortgagee may maintain an action of replevin to recover the mortgaged property.

[Opinion filed March 20, 1888.]

APPEAL from the Circuit Court of Winnebago County; the Hon. WILLIAM BROWN, Judge, presiding.

The Marseilles Manufacturing Company replevied from the Rockford Plow Company a corn sheller and horse power, and

fixtures; and on trial in the Winnebago Circuit Court without a jury the issues were found and judgment rendered for the defendant, and a writ of *retorno habendo* awarded.

The facts were agreed upon, at the trial, as follows:   On the 26th day of December, 1885, plaintiff, by its agents, Farmer Brothers, sold to one W. C. Morris of the town of Rockford, the property replevied, in payment of which the said Morris gave his four promissory notes of said date, one (first) for the sum of $65, due March 1, 1886; one (second) for the sum of $64, due June 1, 1886; one (third) for the sum of $65, due September 1, 1886, and one (fourth) for the sum of $64, due January 1, 1887, with interest on all at the rate of eight (8) per cent., all of which were payable to plaintiff.

To secure said notes the said W. C. Morris executed a chattel mortgage upon the property so sold with other property of date December 26, 1885, which mortgage was properly acknowledged and recorded in the recorder's office of said Winnebago County, in book 27 of Mortgages, at page 571. The said notes and mortgage are considered admitted in evidence.   In payment of commissions to Farmer Brothers upon said sale, plaintiff assigned the third note of said series, to wit, the one maturing September 1, 1886, said assignment being made prior to the maturity of said third note, but kept the mortgage with the other three notes.   Farmer Brothers in turn assigned said note to the defendant in payment of a pre-existing debt without releasing their liability as assignors. Default was made in payment of the first and second notes, then and still in the hands of the plaintiff, but the mortgage was not foreclosed on account thereof.   Upon the maturity of the third note, the said third note then and still being the property of the defendant, and default being made in its payment, defendant took possession of the property replevied in this suit under the mortgage and foreclosed the same, using a certified copy of the record aforesaid in lieu of the original mortgage, which was still in the possession of plaintiff, and purchased the said property at said foreclosure sale for the exact amount of the debt evidenced by said third note and costs of sale in payment thereof.   Plaintiff had no notice of

the foreclosure, nor did defendant ever account to it upon its bid.

Upon notice of the foreclosure, plaintiff being then still the owner of the first, second and fourth notes, and no part of the purchase price of said machine ever having been paid, it demanded a return of the property herein replevied, which being refused, this suit was brought before J. G. Manlove, a Justice of the Peace in and for said County of Winnebago. From the judgment rendered thereon by said Justice, an appeal was taken in the name of defendant by Farmer Brothers who had been called upon by defendant to pay said note on account of their liability as assignors. Defendant is still the owner of said third note, but Farmer Brothers are defending this suit at their expense for self-protection.

The mortgage provided that if default should be made in the payment of any or either of the notes, etc., then " the party of the second part, his heirs, executors, administrators, or any of them, shall thereupon have the right to take immediate and exclusive possession of said property and every part thereof, and for that purpose may pursue the same, or any part thereof, wherever it may be found, and also may enter any of the premises of the said party of the first part, with or without force or process of law, wherever the said goods and chattels may be, or supposed to be, and search for the same, and, if found, to take possession of, and remove, and sell, and dispose of said property, or any part thereof, at public auction, to the highest bidder, after giving ten days' notice of the time, place and terms of sale, together with a description of the property to be sold, either by publication in some newspaper in the city of Rockford or by similar notices posted up in three public places in the vicinity of such sale, or at private sale, with or without notice, for cash or on credit, as the said Marseilles Mfg. Co., their heirs, executors, administrators or assigns, agents or attorneys, or any of them, may elect."

At the trial, the Circuit Court refused to hold as law applicable to the case two written propositions submitted by plaintiff, which were as follows:

" 1.  If a series of four notes maturing at different times are secured by a chattel mortgage with a provision permitting a foreclosure on default in the payment of any note, the holder of said notes may foreclose said mortgage upon the default in the payment of the first or any note, or he may wait until the default in the payment of the note last maturing. In the latter event the lien of the notes first maturing continues until the maturity of the last note, unless the notes or mortgage provides otherwise."

" 2.  If a series of four notes mature at different times and are secured by a chattel mortgage, in the absence of a contract to the contrary, they have priority of lien in the order of their maturity, and if the third note has been assigned without agreement as to its having priority of lien over the first and second notes, the first and second notes, in the hands of the payees, are entitled to payment out of the security before the third, then in the hands of an assignee."

Mr. A. D. Early, for appellant.

" When several notes maturing at different dates are secured by a chattel mortgage, and the condition of the mortgage is broken on default in payment of any of the notes, it is nevertheless optional with the mortgagee to take possession on the first default, or to await the maturity of the last note and then take possession."  Cleaves v. Herbert, 61 Ill. 126 ;  Barbour v. White, 37 Ill. 164;  McConnell v. Scott, 67 Ill. 274.

·If a series of notes mature at different times and are secured by a chattel mortgage, in the absence of a contract to the contrary, they have priority of lien in the order of their maturity.  Vansant v. Allmon, 23 Ill. 26.

The assignee of the note first due is first entitled to satisfaction out of the mortgaged property.  The holders of the other notes can redeem in succession, according to their priority, as they may become due.  Funk v. McReynolds, 33 Ill. 481; Gardner v. Deiderichs, 41 Ill. 158.

" It may be regarded as a well settled rule of law in this State, that where a mortgage or deed of trust has been given to secure the payment of several notes, which become due at

different times, the notes have a priority of lien, in the order in which they become due and payable." Koester v. Burke, 81 Ill. 436.

If one of the series of notes has been assigned by the payee, the assignee acquires no greater right to the security than the payee. This follows from the rule in this State, that the debt is the principal and the security the incident. Sargent v. Howe, 21 Ill. 148.

The assignee is subrogated to the position of the payee. If the assignee hold the third note of the series, then he occupies the position in relation to the security that the payee did, and the first and second notes of the series must be first satisfied out of the security or otherwise. It makes no difference whether the third note is in the hands of the assignee, and the others are in the hands of the payee. As before stated, the security must be treated as consisting of as many mortgages as there are notes secured by it, the order of priority being the same as the order of maturity of the notes.

Mr. B. A. KNIGHT, for appellee.

An assignee of notes has a right to foreclose when default has been made. Sargent v. Howe, 21 Ill. 148. Appellee, therefore, had a right to take possession of the mortgaged property involved herein and sell the same to satisfy his note.

The point raised by appellee in this case is now for the first time raised in any of the higher courts of the State of Illinois, and is as follows, to wit: When a mortgagee sells one or more of a series of notes, and retains the remainder of the series, is the assignee entitled to a priority of lien as against the mortgagee, with respect to the note or notes so transferred without regard to the order in which the notes held by the parties mature?

This proposition has been raised in other States, and by weight of authority has been decided in favor of the position taken in this case by appellee. 3 Pom. Eq. Jur., Sec. 1203, and p. 182, *et seq.;* Anderson v. Sharp, 6 N. E. Rep. 900; Waterman v. Hunt, 2 R. I. 298; Salzman v. His Creditors, 2 Rob. (L. A.) 242; Barkbull v. Herwig, 30 La. Ann. 618; McClintic v. Wise's Adm'r, 25 Gratt. 448; Cullum

Marseilles Mfg. Co. v. Rockford Plow Co.

v. Erwin, 4 Ala. 425; Foley v. Rose, 123 Mass. 557; Forwood v. Dehoney, 5 Bush. 174; Jones on Mortgages, Vol. 2, Sec. 1701, and also 604 eq.; Bryant v. Daniel, 6 Gray, 564; Merchants Bank v. Bank of Niagara, 6 Wend. 410.

Assuming, for the sake of argument, that appellee had no authority in the law to take possession of and sell the mortgaged property nor yet power to do so under the mortgage, yet, having a lien by virtue of the mortgage he had a right to take possession of the property, at the maturity of his note, and had then, at the least, a common interest with appellant in the property. Being then, a joint owner with appellant, or, in other words, a tenant in common, of the property, the action of replevin could not be maintained between them. The possession of one is the possession of both. See Garr v. Hurd, 92 Ill. 305, and cases cited.

BAKER, J. 1. If a power be given to the donee and his assigns, it will pass by assignment, if the power be annexed to an interest in the donee. 4 Kent's Com. 327. In case of a power to sell or take possession of property and sell, given by a mortgagor to the mortgagee and his assignee, and the mortgage is to secure a promissory note or notes, the power is appendant to the estate and coupled with an interest, and part of the mortgage security, and passes by the assignment of the mortgage debt and vests in the assignee, and such assignee may execute the power. In the case at bar we will waive the question whether or not the power donated by Morris in the mortgage to the appellant corporation was divisible, whether or not the assignments of the third note, in the series of four notes, carried with them a corresponding portion of the power to appellee, the second assignee of said note. Wilson v. Troup, 2 Cow. 195; 4 Kent's Com. 147. The powers given in this chattel mortgage to take possession of the mortgaged property and make sale thereof, were expressly conferred upon the mortgagee, but they were not given to its assignee or assignees. The only authority vested by the instrument in that behalf in the assignee of the mortgagee, was the right to make an election in respect to the mode and manner in which the

donee of the powers should exercise the power of making sale. The conclusion must be, that the sale of the mortgaged property by appellee as assignee of the third note, was not authorized by the mortgagor and donor of the power, and was null and void; and that its possession of such property as purchaser at said sale was unlawful. Pardee v. Lindley, 31 Ill. 174; Hamilton v. Lubukee, 51 Ill. 415; Strother v. Lord, 54 Ill. 413; Mason v. Ainsworth, 58 Ill. 163.

2. The trial court erred in not holding as law, and as applicable to the case in hand, the two written propositions submitted by appellant. The doctrine is, that where several notes maturing at different dates are secured by a chattel mortgage and the condition of the mortgage is broken on default in payment of any of the notes, it is, nevertheless, optional with the mortgagee to take possession on the first default, or to await the maturity of the last note and then take possession. Barbour v. White, 37 Ill. 164; Cleaves v. Herbert, 61 Ill. 126; McConnell v. Scott, 67 Ill. 274.

So, also, whatever may be held elsewhere, the established rule in this State is, that where there is a mortgage securing several notes due at different times, and there is no special provision or agreement to the contrary, the notes have priority of lien, and are entitled to payment, from the proceeds of the mortgaged property, in the order in which they become due and payable, the note first maturing having preference. Vansant v. Allmon, 23 Ill. 26; Funk v. McReynolds, 33 Ill. 481; Gardner v. Deiderichs, 41 Ill. 158; Koester v. Burke, 81 Ill. 439; 2 Jones on Mortgages, sections 1939 and 169, and cases cited in notes.

3. Appellee can take nothing by the suggestion that in any event he was a joint owner or tenant in common with appellant in the property, and that therefore appellant could not maintain replevin. In the first place, appellant alone, as mortgagee, was given the right of possession under the power in the mortgage; and appellee, a mere assignee of a part of the indebtedness secured by the mortgage, was given no legal right of possession either in severalty or jointly with appellant. The rights of appellee, as such assignee, were equitable

Marseilles Mfg. Co. v. Rockford Plow Co.

rights and were in the proceeds to be derived from a sale of the property.   In the second place, appellee was in the exclusive possession of the entire property, assuming and claiming exclusive and absolute ownership in severalty, by virtue of the pretended sale under the power, and denying and repudiating any property or possession, joint, or otherwise, in appellant, and insisting appellant had no right, title or interest whatsoever therein.   Appellee should lie in the bed it selected, and should not blow both hot and cold with the same breath.

The judgment of the court below was erroneous.   It is reversed.   The cause is remanded.

*Reversed and remanded.*