### J. H. Friend v. Matthew Johnson.

1. CHATTEL MORTGAGES—*To Secure Installments of Rent Maturing in the Future.*—A chattel mortgage given to secure monthly installments of rent to become due in the future, evidenced by a series of promissory notes covering a period of two years, according to the terms of the lease, is valid.

2. SAME—*Diligence to Obtain Possession of Mortgaged Property.*— The mortgagee in a chattel mortgage to secure the payment of rent, upon the property of a firm in the hands of a receiver, who is prevented from obtaining such rent by distraint or otherwise, by the court in which the receivership was pending, can not be charged with a

want of diligence in taking possession of the property under the mortgage.

3. SAME—*To Secure Debts Becoming Due by Installments.*—Where the indebtedness secured by a chattel mortgage becomes due by installments, and the mortgage authorizes the mortgagee to take possession of the property on default of the payment of an installment, he may, but is not bound to do so.

**Bill,** for the dissolution of a partnership. Appeal from the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed February 9, 1897.

HAWLEY & PROUTY, attorneys for appellant.

H. W. MAGEE, attorney for appellee; K. D. HARGER, attorney for assignee.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This is an appeal from a decree directing the payment out of the registry of the court of the sum of $1,665, which it was found belonged to the appellee, or his assignee.

Such sum came into the registry of the court as part of the proceeds arising from the sale, by order of court, of certain chattels, consisting of hotel furniture that belonged to the firm of Lamberton & Dwight, a copartnership that had been engaged in carrying on a hotel in Chicago, and for a dissolution of which one of the partners had filed a bill against the other.

Johnson, the appellee, was the owner of the hotel, and leased the same to Lamberton & Dwight for a term of five years, beginning September 1, 1892, and ending August 31, 1897, at a gross rental of $50,000, payable in monthly installments of $833.33 each; and rent thereunder was paid by the lessees up to July 1, 1893, when for the first time they defaulted therein.

The bill to dissolve the partnership was filed September 18, 1893, and on the same day a receiver was appointed with authority to carry on the hotel business of the partnership until the further order of the court, and he continued in possession of the hotel and furniture until December 3, 1893.

Failing to do a profitable business, the receiver was authorized by the court, in November, 1893, to sell the furniture, and an offer of $7,500 for the same was made by or in behalf of the appellant, and was ordered to be accepted, but appellant refused to perform the offer, and a few days later a sale thereof to the appellee for the sum of $4,500 was made and approved by the court, and $2,400 of said $4,500 was allowed to be retained by appellee to apply on his account for rent of the premises.

The money, ordered to be paid by the decree that is appealed from, represents the balance of said $4,500, after deducting certain expenses, etc.

The appellant was a creditor of the partnership, and held a chattel mortgage covering the furniture. Such mortgage was dated May 8, 1893, and was for $10,500, payable one year after that date.

The firm had also given their chattel mortgage to appellee in November, 1892, covering the furniture in question, to secure " the sum of $20,000, being two years rent in monthly installments of $833.33 each on the first day of each and every month from September 1, 1892, according to the covenants and terms" of the lease and a previous agreement for the lease.

The contest now is which, appellant or appellee, is entitled to the said balance of $1,665.

The mortgages were both recorded about the dates of their execution, and, apparently, both appellant and appellee had actual notice of the other's mortgage.

The master found and reported in favor the appellee, and the decree confirmed such report.

The chief burden of appellant's argument is that the mortgage to appellee was to secure future optional advances.

We do not understand appellant to seriously contend that the subsequently accruing rent of fixed monthly installments of $833.33 each, would, if standing by itself, be in the nature of " optional advances;" but, if such be his contention, we can not concede to it any especial force.

The rent that was due for each month of the two years which the mortgage covered was as certain as it could have been made by the terms of a series of promissory notes. The fact that appellee might have terminated the lease under the terms of its covenants, did not make rent which accrued after such right existed an optional advance. As well might it be said that if default in the payment of one of a series of promissory notes was a ground for declaring all subsequently maturing ones due and payable, a failure to exercise such a power made all subsequently maturing notes optional advances. The landlord, appellee, might have terminated the lease, but he was not bound to do so. And neither was he bound to take possession of the mortgaged property upon the maturing of a part of the rent. Barbour v. White, 37 Ill. 164; Cleaves v. Herbert, 61 Ill. 126; McConnell v. Scott, 67 Ill. 274.

But we understand that appellant insists that because, by the defeasance clause of the mortgage already quoted from, other moneys might perhaps become due to appellee under some of the " covenants and terms " of the lease and agreement referred to, therefore such moneys are in the nature of future optional advances, and the whole mortgage is vitiated thereby.

We do not think so. It was the monthly installments of $833.33 that should mature " according to the covenants and terms " of the lease and agreement that the mortgage secured, and nothing else. The mortgage itself does not appear in the abstract, but from what is there found we can discover no other fair conclusion that can be drawn of its purport.

Another point, argued elaborately by appellant, is, that the mortgage to appellee is void as to appellant, because given to secure rent which would not mature within two years, and, therefore, in contravention of the statutes of Illinois relating to liens of chattel mortgages.

A reading of what we have quoted above, concerning what rent the mortgage was given to secure, is a sufficient answer to the proposition. We can not undertake to answer

every objection that has been urged by the appellant, further than to say that none of them seem to be entitled to the weight they are argued as possessing.

The appellee seems to have exercised constant diligence, from the time he filed his first petition, five days after the receiver was appointed, to the time when the appealed from order was made, to obtain his rent by distraint or otherwise, but was not allowed by the court in which the receivership was pending to do anything towards that end, and it was at last only by buying the furniture himself that he was able to obtain any relief in the matter.

The decree appealed from was right, and it is affirmed.