HOUSTON & T. C. R. CO. v. WESTBURY.
(No. 2065.)

(Court of Civil Appeals of Texas. Texarkana. Jan. 9, 1919.)

1. CARRIERS ⊜➡105(2) — GOODS—DELIVERY— DELAY—MEASURE OF DAMAGES.

Where defendant railroad had no notice of any special or contract price and the consignee buyer refused to accept shipment because not delivered within a reasonable time, *held* that damages sustained by plaintiff seller and consignor was the difference between the market value of the goods at the time they should have been delivered and their market value at the time plaintiff afterwards disposed of them.

2. CARRIERS ⊜➡104—DELAY IN DELIVERY— MARKET PRICE—EVIDENCE.

Where the only evidence tending to show that goods shipped had a market value at destination on date when they should have been delivered greater than that at which they were sold by plaintiff consignor, after buyer consignee refused to accept them, was the sale made by plaintiff to consignee, the court had the right to assume that sale to consignee was at market price.

3. CARRIERS ⊜➡105(1)—FAILURE TO DELIVER WITHIN REASONABLE TIME—DAMAGES.

Where consignee buyer, who refused to accept consignment because not delivered by defendant railroad within a reasonable time, was to pay the freight charges, consignor, who sold the goods at a lower price after paying the freight charges, *held* entitled in action against defendant railroad to have the freight charges included as damages.

---

⊜➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from Smith County Court; W. R. Castle, Judge.

Action by H. D. Westbury against the Houston & Texas Central Railroad Company. Judgment for plaintiff, and defendant appeals. Judgment reformed, and as reformed, affirmed.

Baker, Botts, Parker & Garwood, of Houston, and Marsh & McIlwaine, of Tyler, for appellant.

Simpson, Lasseter & Gentry, of Tyler, for appellee.

HODGES, J. The parties to this appeal have agreed upon a statement of facts, of which the following is the substance: On July 4, 1917, the appellee owned 73,800 pounds of scrap iron located at Chandler, Tex., on the line of the St. Louis Southwestern Railway Company. On that date he entered into a contract for the shipment of the iron to Houston, Tex., consigned to the Houston Bottle Supply Company subject to the provisions of the bill of lading attached. The shipment was to move over the St. Louis Southwestern Railway Company of Texas to Corsicana, thence over the Houston & Texas Central Railroad to Houston. The car containing the scrap iron was transported promptly to Corsicana, and there delivered to the Houston & Texas Central Railroad Company for carriage to its destination. It reached Houston on July 18, 1917, but was not delivered to the consignee on that date because the car was by mistake moved by another railroad company to a point in Louisiana. It was returned to Houston on July 28th, but when tendered to the consignee was refused. This scrap iron had been sold to the Houston Bottle Supply Company by the appellee for $15 per ton f. o. b. the cars at Chandler, Tex., and the Houston Bottle Supply Company would have accepted and paid for the iron had it arrived in Houston within a reasonable time after the date of shipment. The appellee was not notified of the refusal of the Houston Bottle Supply Company to accept the shipment until August 7th following. He immediately went to Houston, and, after making considerable efforts to sell the iron, finally succeeded in disposing of it at $8 per ton f. o. b. the cars at Houston. The iron was sold at that price with the knowledge and consent of the appellant's agent at Houston. The appellee paid the freight on the car, which amounted to $88.56, and a demurrage charge of $7. He incurred an expense of $23.30 in going to Houston and disposing of the goods. After deducting these items he had a net balance of $176.34 left from the proceeds of the sale of the iron. Upon these facts the trial judge rendered a judgment in favor of the appellee against the appellant for $397.16. The finding of the court on the issue of damages, and the judgment entered thereon for $377.16, represents the difference between the contract price for which the iron had been sold f. o. b. the cars at Chandler and the net amount subsequently realized for it in the Houston market after deducting freight charges, demurrage, and expenses. To this he added $20 as attorney's fees.

Appellant contends that, there being no evidence that the railway company had any notice of the contract price at which the goods had been sold to the Houston Bottle Supply Company, it could not be held responsible for more than the market value of the goods at the point of destination.

[1, 2] This is not a case in which the goods were lost or damaged. The damage sustained by the appellee is the difference between the market value of the goods at the time they should have been delivered to the consignee and their market value at the time he afterwards disposed of them, there being no evidence that the carrier had notice of any special or contract price. The only evidence in the record tending to show that the goods had a market value at Houston on the date when they should have been delivered greater than that at which they were sold in August is the sale made by the appellee to the Houston Bottle Supply Company. From the facts agreed upon the court had a right to infer that the sale to the Houston Bottle Supply Company was in due course of trade and at the market price. To infer that the purchaser agreed to pay more than the market price of the iron would be a gratuitous assumption. The evidence of market value is derived from the observation of sales made in the due course of trade. One sale furnishes some evidence, and where there is no proof to the contrary it is not improper to assume that a sale proven without objection is one which occurred in the normal and usual course of business and at the prevailing market price. We are therefore of the opinion that under the circumstances the court had a right to conclude that the goods were sold at their market value. St. L., I. M. & S. Ry. v. White & Co., 76 S. W. 947; Garlington v. Ry. Co., 34 Tex. Civ. App. 274, 78 S. W. 368; St. L., I. M. & S. Ry. v. Rogers, 49 Tex. Civ. App. 304, 108 S. W. 1027; Abbott's Trial Evidence, pp. 381, 382.

[3] It is further objected that the court erred in adding the freight charges. If the fact discussed is sufficient to establish the market value, it clearly shows that the market value was the price at which the goods were sold, plus the freight from Chandler to Houston.

It is conceded by the appellee that the court erred in adding $20 as attorney's fees as a penalty for failure to sooner settle this claim, and the judgment will be reformed

accordingly. As so reformed, it will be affirmed, and the costs of this appeal adjudged against the appellee.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

