COLBURN v. COBURN. (No. 1518.)

(Court of Civil Appeals of Texas. Amarillo. April 2, 1919.)

1. CONTRACTS ⚖⃝═138(2)—ILLEGALITY — EXECUTED CONTRACT—RIGHTS OF PARTIES.

Though courts will not assist in enforcing illegal contracts, yet where an illegal contract has been executed in whole or in part by the acts of the parties themselves and suit is not brought for the purpose of enforcing the contract itself, the rights and titles thus acquired will be recognized.

2. REPLEVIN ⚖⃝═8(3)—ILLEGALITY OF TRANSACTION GIVING PLAINTIFF POSSESSION.

Although one acquires possession of a chattel through an illegal transaction, he may sue a trespasser, taking possession thereof, to recover such possession.

3. CHATTEL MORTGAGES ⚖⃝═249—RIGHT TO SEIZE GOODS.

Where the mortgage by its terms confers the power of seizure and sale upon the mortgagee only, such power does not extend to mortgagee's assignee, and, if he attempts to exercise it, he is a trespasser.

4. CONTRACTS ⚖⃝═138(1)—SETTING UP ILLEGAL CONTRACT.

The sale of piano to plaintiff for plaintiff's use in conducting an immoral business being an illegal transaction, defendant, in plaintiff's suit to recover possession of the piano as having been taken from plaintiff's possession by force, could not set up that the chattel mortgage on the piano, given by plaintiff to secure notes for the purchase price, gave defendant the power, as assignee of the mortgagee, of seizure and sale.

Appeal from Wichita County Court; Harvey Harris, Judge.

Suit by Mrs. R. L. Coburn against T. J. Colburn. From judgment for plaintiff, defendant appeals. Affirmed.

Martin Bullington, Boone & Humphrey, of Wichita Falls, for appellant.

W. B. Chauncey, of Wichita Falls, for appellee.

BOYCE, J. This suit was brought by appellee, Mrs. Coburn, against appellant, Colburn, to recover possession of an automatic player-piano. Plaintiff alleged that said piano was in her possession and that defendant took the same by force and over her protest. The defendant replied that he took possession of the piano peaceably and in accordance with the terms of a chattel mortgage executed by the plaintiff to secure the payment of certain notes of which he was the owner. To which plaintiff replied that the notes and chattel mortgage given to secure payment of the same were void because they were part of an illegal transaction, by which the piano had been sold, for use by plaintiff in conducting an immoral business.

The Oklahoma Automatic Music Company sold the piano to Mrs. Coburn, who executed in payment therefor a great many notes, becoming due weekly, securing them by a chattel mortgage on the piano. It is conceded by both parties that the sale was made under such circumstances as to render the notes and chattel mortgage unenforceable under the holdings in the cases of Reed v. Brewer, 90 Tex. 144, 37 S. W. 418, and Hall v. Edwards, 194 S. W. 674. The chattel mortgage provided that, in case of default in payment of the notes, "then the said mortgagee (the Oklahoma Automatic Music Company) is hereby authorized to take possession of said property and to sell the same, either at public or private sale, and at such place and upon such notice as said Oklahoma Automatic Music Company shall deem proper," etc., and to apply the proceeds of the sale to the payment of said notes and the balance to be paid to the said Mrs. Coburn. The notes were later transferred to appellant, who had full knowledge of the illegality of the transaction, and default made in payment thereof; whereupon he entered the house of Frankie Ford, a negress, who was holding possession of said piano for the appellee, and over the protest of the said negress, and without the knowledge and consent of appellee, took possession of said piano and removed it to his own premises. We need not go into the details of the said removal, but, under the view we take of the case, may assume that this was done peaceably within the terms of the decision in the case of Singer Mfg. Co. v. Rios, 96 Tex. 174, 71 S. W. 275, 60 L. R. A. 143, 97 Am. St. Rep. 901.

[1–4] It is axiomatic that courts will not assist in the enforcement of illegal contracts. But where the contracts have been executed in whole or in part by the acts of the parties themselves and suit is not brought for the purpose of enforcing the contract itself, the rights and titles thus acquired will be recognized. Wegner v. Biering, 65 Tex. 511; Patty-Joiner Co. v. City Bank, 15 Tex. Civ. App. 475, 41 S. W. 177 (writ of error denied); Hall v. Edwards, 194 S. W. 676; California State Life Insurance Co. v. Kring, 208 S. W. 372; Templeton v. City of Wellington, 207

S. W. 186. We are rather inclined to think that, if appellant took peaceable possession of the piano and was authorized to do so by the terms of the chattel mortgage, the contract was thus far so executed by the action of the parties themselves as that this possession might be successfully defended in this suit. On the other hand, if appellant, in taking possession of said piano, was a trespasser, we think that appellee could maintain an action against him, though she had acquired her possession through an illegal transaction. The chattel mortgage, by its terms, conferred the power of seizure and sale only on the mortgagee, and this power does not extend to the assignee. Rawlings v. Lewis, 191 S. W. 784; Jones on Chattel Mortgages, § 503; Marseilles Mfg. Co. v. Rockford Plow Co., 26 Ill. App. 198. We do not have access to this case, but see digest of same in Century Digest, vol. 9; Chattel Mortgages, § 519. So appellant, in taking possession of the piano, was a trespasser against whom the appellee could defend her possession.

The case may be stated in another way in relation to a rule frequently announced as furnishing a test as to whether a cause of action connected with an illegal transaction can be enforced, to wit:

"Whether the plaintiff requires any aid from the illegal transaction to maintain his cause." Read v. Smith, 60 Tex. 379; Wiggins v. Bisso, 92 Tex. 219, 47 S. W. 638, 71 Am. St. Rep. 837.

Plaintiff could make her case by simply showing her possession of the piano and that it was taken away from her by defendant without her consent; the defendant was then forced to set up the illegal contract to defend his action, and he, instead of the plaintiff, required its aid to maintain his position.

Appellant also claimed that he was the owner of the piano and had rented it to appellee. It is not necessary to state the facts in connection with this claim as it had been adjudicated against him in other suits and he could not reassert it in this case.

We think the trial court properly instructed a verdict for the plaintiff.

Affirmed.

