## C. W. McKinney et al v. Bill Croan.

No. A-522. Decided June 6, 1945.
(188 S. W., 2d Series, 144.)

*J. Benton Morgan,* of Greenville, for petitioners.

Under Rule 169, where defendants have filed nothing but a plea of privilege, which has not been controverted within the required time, requests for admissions were premature in that defendants had not entered an appearance until the case had been transferred by the court. Masten v. Masten, 165 S. W. (2d) 225; Weaver v. Weaver, 171 S. W. (2d) 898; Frierson v. Modern Mutal Health & Acc. Ins. Co., 172 S. W. (2d) 389.

*Clyde E. Thomas,* of Big Spring, for respondent.

The filing of the plea of privilege was an appearance, under Rule 121, and justified the procedure invoked under Rule 169, without waiting for the cause to be transferred. McCrate v. Morgan Packing Co., 26 Fed. Sup. 812; Adventures in Good Eating v. Best Places to Eat, 131 Fed. (2d) 809.

MR. CHIEF JUSTICE ALEXANDER delivered the opinion of the Court.

This suit was brought by Bill Croan against C. W. KcKinney and F. L. Young to recover the title and possession of an automobile truck. A judgment in favor of the defendants was reversed by the Court of Civil Appeals, and judgment rendered for the plaintiff. 185 S. W. (2d) 768.

The Court of Civil Appeals rendered judgment in favor of plaintiff because defendants failed to reply to plaintiff's request for admission of undisputed facts within the time required by Rule 169, Texas Rules of Civil Procedure. The pertinent facts on that issue are as follows: Plaintiff, who resided at Big Spring, sued defendants in Howard County on November 1, 1943. Defendants, on November 18, 1943, filed pleas of privilege to be sued in Hunt County, where they resided. These pleas of privi-

lege were not controverted, and on December 29, 1943, they were sustained and the cause transferred to Hunt County. On December 14, 1943, plaintiff forwarded to defendants by mail a request for admissions under Rule 169. The request called for a reply within ten days. Defendants received the request on December 16th, and on December 27th deposited their reply in the mails at Greenville, in Hunt County. Plaintiff received the reply on December 29th. Upon the trial of the case plaintiff took the position that defendants' reply to the request for admission was ineffective because not made in time. He objected to all evidence offered by defendants in contravention of defendants' implied admissions. The court overruled the objections and admitted defendants' evidence.

■ The plaintiff had the right to invoke the provision of Rule 169 at any time after defendants had filed their plea of privilege. Davis v. Battles, 143 Texas 378, 186 S. W. (2d) 60.

■ Plaintiff's request for admissions was not received by defendants until December 16th. The ten days allowed for reply began to run the following day. The time for reply ordinarily would have expired on December 26th. However, that day was Sunday, and under Rule 4 defendants had until December 27th to reply. The reply was deposited in the mail on that day, but was not received by plaintiffs at Big Spring until December 29th. We hold that the reply was made in time. The parties resided about 350 miles apart. The plaintiff had forwarded his request by mail, and under a well-established rule, which is often applied in contracts, he impliedly requested a reply by mail, and the request was complied with when defendants deposited their reply in the mail properly stamped and addressed. Scottish-American Mortgage Co. v. Davis, 96 Texas 504, 74 S. W. 17; 10 Tex. Jur. 48; 17 C. J. S. 403.

The reply was not under oath as required by Rule 169, but there are circumstances in the record indicating that plaintiff may have waived this defect. However, since, as hereinafter shown, the palintiff was entitled to recover under the undisputed facts, independently of any implied admissions, we shall not discuss the question of waiver.

On the merits of the case, the findings of fact made by the trial court, supported by the undisputed evidence, show that on July 21, 1943, O. D. Odom, who owned the motor vehicle, sold and delivered it to Bill Croan and at the same time indorsed and delivered to him the certificate of title that had been issued

to Odom by the State Highway Department under the provisions of the automobile "Certificate of Title Act." See Penal Code, Art. 1436—1. The indorsement made by Odom on the back of the certificate of title was as follows:

"FOR VALUE RECEIVED I (WE) HEREBY SELL AND ASSIGN TO

---------------------------------- ------------------------- -------------- --------------------
Name of Purchaser          Address          City          State

the motor vehicle described on the reverse side of this certificate and I (we) hereby warrant the title of the said vehicle to be free of all liens and encumbrances except as noted on the face of the title.

Signature    O. D. Odom    Seller

Notary Seal.

Before me this day personally appeared O. D. Odom who by me being duly sworn upon oath says that the statements set forth above are true and correct.

Subscribed and sworn to before me this 21 day of July, 1943. Justin Holmes, Notary Public, Howard County, Texas."

Croan was a dealer in used motor vehicles, and at his request the name of the purchaser was left blank in the assignment so that Croan could insert the name of a subsequent purchaser when he sold the vehicle. Croan put the vehicle on his sales lot at Big Spring, and the certificate of title in his safe. On August 18th, Clyde Linney, a laborer in Croan's employment, stole the vehicle and the certificate of title from Croan, and took them to Hunt County. On September 30th, Linney, for a valuable consideration, sold the vehicle to C. W. McKinney. F. L. Young advanced a part of the money to enable McKinney to buy the vehicle, and took a lien thereon from McKinney. At the time Linney delivered the certificate of title to McKinney he caused the words "C. W. McKinney, Greenville, Texas," to be written in the blank as the purchaser in the assignment that had theretofore been executed by Odom on July 21st. This was done in the presence of McKinney and Young. Neither McKinney nor Young knew that the vehicle had been stolen.

■ It appears to be a settled rule that a purchaser of property from one who has acquired possession thereof by theft, acquires no title thereto. 10 Am. Jur. 622; 55 C. J. 635; 37 Tex. Jur. 494; Reed v. Lucas, 42 Texas 529.

Defendants apparently concede the soundness of this 'general rule, but contend, among other things, that since the assignment of the certificate of title signed by Odom did not not contain the name of the purchaser, it was not made in compliance with the provisions of Section 33 of the Certificate of Title Act, and consequently the sale was void under the provisions of Section 53 of the same Act, and Croan acquired no title to the vehicle. It is unnecessary for us to determine whether Croan obtained good title under the assignment from Odom, because it appears without dispute that Croan was in rightful possession of the vehicle under authority from Odom at the time Linney stole it; and it is well settled that one in rightful possession of personal property may maintain an action for its recovery against a thief or one holding under him. Grooms v. Rusk, 27 Texas 231; Colburn v. Coburn (Tex. Civ. App.), 211 S. W. 248; Terrazas v. Holmes (Tex. Civ. App.), 225 S. W. 848; 7 Blashfield, Cyclopedia of Automobile Law and Practice, p. 53, Sec. 4266.

We find nothing in the Certificate of Title Act which requires a purchaser of a motor vehicle to obtain a certificate of title from the State Highway Department immediately upon purchasing the vehicle, as contended for by defendants. Section 34 of the Act authorizes an assignee to apply for a new certificate of title, but there is nothing in that section which makes it mandatory that this be done immediately.

■ Defendants also contend that plaintiff was negligent in taking an assignment of the certificate of title in blank, and that in so doing he made it possible for Linney to present the appearance of being the owner of the motor vehicle, and as a consequence plaintiff is now estopped to contend that Linney was without authority to sell the vehicle. We recognize that ordinarily where one clothes another with the indicia of ownership of personal property, he may be estopped to assert title to the property as against a purchaser from one having such indicia of title. 21 C. J. 1176; 31 C. J. S. 331; 37 Tex. Jur. 489. But in order for such a rule to be applicable there must be some negligent or wrongful act or omission on the part of the true owner conferring on the person selling the goods the appearance of ownership. 59 C. J. 639. Such a doctrine is not applicable in this instance because Croan did not intrust Linney with the possession of either the certificate of title or the motor vehicle. Linney stole both of them. The rule can have no application where both the vehicle and the certificate of title have been stolen. Hamilton v. Palmer (Tex. Civ. App.), 265 S. W. 240;

Gregory v. Newsom (Tex. Civ. App.), 279 S. W. 912; Knox v. Eden Musee American Co., 148 N. Y. 441, 42 N. E. 988, 51 Am. S. R. 700, 31 L. R. A. 779; 21 C. J. 1178; 31 C. J. S. 336; 55 C. J. 640.

■ Moreover, Section 27 of the Certificate of Title Act expressly requires a purchaser of a motor vehicle to secure a certificate of title in his own name before he sells the motor vehicle. That section reads as follows:

"Sec. 27. Before selling or disposing of any motor vehicle required to be registered or licensed in this State, on any highway or public place within this state, except with dealer's metal or cardboard license number thereto attached as now provided by law, the owner shall make application to the designated agent in the county of his domicile upon form to be prescribed by the Department for a certificate of title for such motor vehicle."

At the time they required their interest in the vehicle both McKinney and Young knew that Linney had not made application for a certificate of title in his own name as required by the above section of the statute. The Act provides that a sale without compliance with the statute is void. See Section 53 of the Certificate of Title Act. Consequently, McKinney and Young are in no position to plead estoppel as against Croan, from whom the vehicle had been stolen.

The judgment of the Court of Civil Appeals is affirmed.

Opinion delivered June 6, 1945.