**SCHMIEDING v. THOMPSON et al.**

**No. 11804.**

Court of Civil Appeals of Texas.
San Antonio.

March 3, 1948.

Rehearing Denied April 14, 1948.

Ronald Smallwood, of Harlingen, for appellant.

Faulk, Sharpe & Cunningham, of Brownsville, for appellees.

NORVELL, Justice.

This case involves Rule 169, Texas Rules of Civil Procedure (set out in margin).[1]

The cause of action alleged by appellant, Ben Schmieding, was one for medical malpractice on the part of a physician and surgeon employed by St. Louis, Brownsville and Mexico Railway Company Employees' Hospital Association, which association, according to the petition, was operated by the St. Louis, Brownsville and Mexico Railway Company and its trustee in bankruptcy, Guy A. Thompson. Section 77 of the Bankruptcy Act, 11 U.S.C.A. § 205. The petition named both the railway corporation and its trustee as defendants.

On August 27, 1947, appellant served upon the attorney for appellees a request for admissions in respect to 51 matters set out in the document.

Appellee Thompson, through his attorney, made reply to all these requests. As trustee in bankruptcy, he was fully authorized to answer for and on behalf of the railway corporation. The originals thereof were verified and filed with the District Clerk on September 3, 1947, and copies were mailed to attorneys for the appellant on September 4, 1947. These copies were not verified.

On the 26th day of September, 1947, the trustee's attorney filed a motion in the trial court stating that the failure to verify the copies mailed to appellant's attorneys was due to oversight and requested that he be allowed to supply the verification at that time. This motion recited that the case was not set for trial upon the merits until October 13, 1947.

[1] "Rule 169. Admission of Facts and of Genuineness of Documents. At any time after the defendant has made appearance in the cause, or time therefor has elapsed, a party may deliver or cause to be delivered to any other party or his attorney of record a written request for the admission by such party of the genuineness of any relevant documents described in and exhibited with the request or of the truth of any relevant matters of fact set forth by the request. Copies of the documents shall be delivered with the request unless copies have already been furnished. Each of the matters of which an admission is requested shall be deemed admitted unless, within a period designated in the request, not less than 10 days after delivery thereof or within such further time as the court may allow on motion and notice, the party to whom the request is directed delivers or causes to be delivered to the party requesting the admission or his attorney of record a sworn statement either denying specifically the matters of which an admission is requested or setting forth in detail the reasons why he cannot truthfully either admit or deny those matters. Any admission made by a party pursuant to such request is for the purpose of the pending action only and neither constitutes an admission by him for any other purpose nor may be used against him in any other proceeding."

After due notice and hearing, the trial court, by order dated October 6, 1947, granted the trustee's motion and allowed the replies to be verified. This order recites that the court offered to allow counsel for appellant a reasonable length of time, by postponement of trial, should he desire to take depositions or make other necessary preparations for trial. However, to quote from the order, plaintiff's counsel in response to such offer of the court, made the following statement:

"The plaintiff's position with reference to the court's offer of additional time in which the plaintiff might take depositions, or make other preparations for the trial, and on the court's ruling on the motion today before the court, plaintiff states he relies upon his implied admissions of all the matters of fact contained in his request for admissions, which implied admissions resulted from the failure of the defendants to comply with the provisions of Rule 169, and relying upon such implied admissions this plaintiff is unwilling to introduce any additional proof on the trial of this cause, or corroborating or supplementing any of the matters contained in such request for admissions, and upon the trial of this cause the plaintiff will object to any and all testimony of the defendants which might in any way tend to contradict or question the matters of fact contained in plaintiff's request for admissions, and which are now judicially admitted because of the failure of the defendants to comply with Rule 169; that if defendants had complied with said Rule 169 the plaintiff would have taken the deposition of a doctor in the Scott & White Hospital at Temple, Texas, who is familiar with the physical condition of the plaintiff, and would have taken the deposition of Dr. C. G. Brindley, to show that the hospital was the agent of the defendants, and plaintiff, by reason of such position, is not at this late date asking for any additional time to take any depositions, but stands upon the provisions of Rule 169, and does not request any further postponement for the trial of this cause on its merits, said cause being set for trial before a jury on October 13th, 1947."

Upon the trial of the case, on October 13, 1947, the evidence consisted of the testimony of appellant's wife, as to his employment with the railway company, appellant's request for admissions, the replies thereto, and the testimony adduced upon the hearing of the motion on October 6th.

Acting in accordance with his previous ruling, the trial judge considered appellee's replies to the requests for admissions and peremptorily instructed the jury to find for appellees.

Rule 169 provides that the replies made in compliance therewith shall be sworn to. The time within which the replies shall be made is "within a period designated in the request, not less than 10 days after delivery thereof *or within such further time as the court may allow on motion or notice * * *.*" As to the ten-day period, see McKinney v. Croan, 144 Tex. 9, 188 S.W. 2d 144. The rule does not provide that the motion for additional time must be made within the ten-day period, or any other particular period of time. The considering and granting of a motion for an extension of time rests within the discretion of the trial judge. In absence of abuse a discretionary action will not be disturbed by this Court. There is no abuse of discretion disclosed by the record here.

In our opinion, the case of Billingslea v. Greaves, Tex.Civ.App., 196 S.W.2d 945, does not support appellant's position here. In that case the trial court refused to allow the defendants to verify their replies to requests for admissions under Rule 169 after they had announced ready for trial and a jury had been impaneled. The majority of the Amarillo Court of Civil Appeals, over a vigorous dissenting opinion, held that the trial court had not abused its discretion.

In the present case the trial court allowed the trustee to verify his replies and we hold that said court did not abuse its discretion. Masten v. Gower, Tex.Civ. App., 165 S.W.2d 901.

Seemingly, as an alternative proposition, appellees urge that many of appellant's requests were not in proper form and inquired as to matters which appellees could not reasonably be expected to answer, such as admissions involving conclusions relat-

274

ing to negligence and proximate cause. Certain of these criticisms are probably well taken. It was stated by the El Paso Court of Civil Appeals in Mosby v. Texas & P. Ry. Co., Tex.Civ.App., 191 S.W.2d 55, 58, that "The purpose (of Rule 169) is to obviate in advance of the trial proof of obviously undisputed facts, and holds out no hope for the admission of the very heart of a case." However, appellee replied to the objectionable requests with the statement that he was without knowledge or information relative thereto. Having held that the trial court properly considered these replies, no question of the effect of an unanswered improper request is fairly presented.

Judgment affirmed.