962

## BROWN v. THROWER.

### No. 6270.

Court of Civil Appeals of Texas. Amarillo.

Jan. 19, 1953.

Campbell & Brock, Lubbock, for appellant.

Trout & Jones, Lubbock, for appellee.

MARTIN, Justice.

Appellee, Charles W. Thrower, loaned a Leonard refrigerator, Montgomery Ward range and other household furniture to his wife's sister and her husband, Jack D. Smith. Jack D. Smith, without the permission or knowledge of appellee, sold the refrigerator and range to appellant, W. W. Brown, a second hand furniture dealer in Lubbock, Texas. Appellee demanded possession of the stove and refrigerator from appellant and upon his refusal to deliver the same filed suit for conversion of the two articles of furniture. Appellee recovered judgment in the sum of $189.50 and appellant perfected an appeal and assigns five points of error.

Appellant has filed a motion to strike the supplemental transcript in the cause and alleges that the findings of fact and conclusions of law contained therein were not timely filed. The supplemental transcript is stricken on appellant's motion, but the findings of fact and conclusions of law therein are not essential to a proper determination of the issues in this cause as hereinafter shown in the rulings on appellant's points of error.

Appellant's first point of error is that the trial court erred in not timely filing findings of fact and conclusions of law as requested by appellant and that such failure and refusal to file the same was prejudicial to his appeal. The appellant brought up a statement of facts on this appeal and the same reveals no controverted issues in the evidence. Since the facts are wholly uncontroverted and the law as applicable to the same is established by many authorities, it is not believed that the failure of the trial court to file findings of fact and conclusions of law in this cause was of such prejudicial nature as to cause a reversal of the judgment. Wagner v. Riske, 142 Tex. 337, 178 S.W.2d 117, syl. 5; Bostwick v. Bucklin, 144 Tex. 375, 190 S.W.2d 818, syl. 2; Town of Highland Park v. Marshall, Tex.Civ.App., 235 S.W.2d 658,

syl. 12, 13. Appellant's first point of error is overruled.

■ . Appellant's second, third and fourth points of error assert that the appellee should not recover judgment against appellant for conversion of the articles of furniture since appellee had trusted the use and possession of such items to Jack D. Smith and the uncontroverted evidence established that appellant was an innocent purchaser for value of the items of furniture. Appellant correctly alleges that the evidence in the cause is uncontroverted. Such evidence reveals that appellee loaned the two items of furniture to his brother-in-law, Jack D. Smith, and that Smith sold the same to the appellant without the permission or knowledge of either appellee or his wife. The burden is upon appellant relying upon an equitable estoppel to defeat the claim of the appellee to prove all the facts necessary to establish this defense. He must not only show that he paid a valuable consideration in good faith and without notice, but it must appear that appellee did something with the intention of misleading appellant or was guilty of some form of negligence calculated to produce a deception. Gose v. Brooks, Tex.Civ.App., 229 S.W. 979, error refused. Under the undisputed facts revealed in this cause the courts have been uniform in permitting a recovery of personal property by the owner thereof as against an innocent purchaser for value of such property. Kimbell Milling Co. v. Greene, 141 Tex. 84, 170 S.W.2d 191, syl. 8; McKinney v. Croan, 144 Tex. 9, 188 S.W.2d 144, syl. 8–9; Seigal v. Warrick, Tex.Civ.App., 214 S.W.2d 883; Vol. 33, Texas Digest, Sales ■ (6) and (7); Vol. 15A, Texas Digest, Estoppel, ■ and 75.

■ The above citations to the Texas Digest reveal a complete digest of the cases on the issue in this cause. The cases cited by appellant have been examined, and it is noted that Parma v. First National Bank of Cameron, Tex.Com.App., 63 S.W.2d 692, by the Commission of Appeals, cited by both appellant and appellee, is illustrative of the principal which bars appellant's recovery in this cause, to wit: there must have been some act or conduct on the part of the appellee whereby the appellee vested in the seller indicia of ownership of or title to the property as sold to the appellant. See also Gose v. Brooks, supra, 229 S.W. at page 982, and McKinney v. Croan, supra, syl. 8–9. In the Parma case, warehouse receipts were delivered to the seller giving the seller in possession all the indicia of ownership and title. In the cause here in issue the uncontroverted evidence establishes that neither appellee nor his wife can be found guilty of any act or conduct placing the slightest indicia of ownership or title in the seller, Jack D. Smith. Further, "The law will not require one to anticipate that another will commit a crime, * * *." Phillips v. Citizens' National Bank, Tex.Com.App., 15 S.W.2d 550, 552, syl. 4–8. Appellant's second, third and fourth points of error are overruled.

■ Appellant's fifth point of error complains that the judgment of the trial court is excessive, in that appellee recovered the sum of $189.50 and that the real market value of such two items of furniture was only $150. Appellant also asserts there was no evidence to support the value of the articles being $189.50. On this issue it is noted in the statement of facts that appellant Brown merely testified as to the refrigerator, "I valued it at $100." Appellant further testified that he valued the range at $50. Although he testified that $50 was a fair price for the washing machine, it is noted that he did not testify that the price at which he valued the refrigerator and range was even a fair price. Nowhere did appellant testify that the reasonable market value of the two items was the sum of $150. On the other hand, the evidence reveals the original cost of the articles, their condition, and also reveals that appellant had sold both items of furniture and had received $120 for the refrigerator and $69.50 for the stove. Therefore, appellant's point five that the sum of $189.50 is without evidence to support it as the reasonable market value of the property is overruled. Galveston Wharf Co. v. McYoung, Tex.Civ.App., 2 Willson's Civ.Cas.

Ct.App., § 642; Garlington v. Ft. Worth & D. C. Ry. Co., 34 Tex.Civ.App. 274, 78 S.W. 368; Houston & T. C. R. Co. **v.** Westbury, Tex.Civ.App., 208 S.W. 383, syl. 1–2; Rachford v. Stewart Title Guaranty Co., Tex.Civ.App., 160 S.W.2d 985, syl. 5–6.

The judgment of the trial court is affirmed.