Carl L. FICK et al., Appellants,

v.

L. F. MILLS, Appellee.

No. 3833.

Court of Civil Appeals of Texas.

Waco.

May 25, 1961.

Bell & Singleton, Otto A. Yelton, Jr., Alfred C. Schlosser, Houston, for appellants.

Dixie & Schulman, Houston, for appellee.

WILSON, Justice.

Construction of the Certificate of Title Act, Art. 1436–1, Vernon's Tex.Penal Code, and a money judgment for conversion of an automobile is the subject matter of this case.

The unchallenged material fact findings of the trial court establish that plaintiff Mills, owner of the automobile in question, executed the assignment of title thereto on the reverse of the certificate of title with the purchaser's name left blank, obtained

a release of lien and delivered the certificate and the automobile to a stranger, Gunn (alias of Dunn), in exchange for the latter's worthless check. Three days later the check was returned unpaid to the bank in which Mills had deposited it, for the reason "Gunn" had no account in the drawee bank.

On the same day he obtained the certificate of title and the car from Mills, Dunn (again representing himself as Gunn, and as salesman for a local Ford agency which had authorized him to "shop" the car) induced defendant Stubblefield, an automobile dealer, to buy the car. The following morning Dunn delivered the car and the title certificate with Mills' assignment in blank to Stubblefield in exchange for the latter's check payable to "Gunn". The court found that Stubblefield dealt with "Gunn" believing him to be the agent of Mills without making any inquiry as to his authority to transfer title. On the fifth day after Mills made delivery to "Gunn", Stubblefield purported to sell the car to defendant Fick without delivery of title certificate. No further steps to accomplish transfer of title were taken by Stubblefield or Fick until more than ten days had expired from the time of their transaction, nor until after Mills had discovered his car in Fick's possession and demanded its return.

The court further found that when plaintiff Mills delivered possession to "Gunn" he intended to pass title to him and "believed that he was then and there being paid cash for the car by means of a good check", but was induced to part with possession by fraud by means of the worthless check; that when he was notified the check was returned unpaid, Mills promptly rescinded the sale; that Mills was negligent in failing to require identification from "Gunn" before taking his check and delivering possession, and in failing to ascertain whether he had an account at the drawee bank; that Stubblefield had no actual knowledge "Gunn" had defrauded Mills, but paid fair value for the car, believing he was plaintiff's agent; and that "Gunn" did not have actual or implied authority to sell the car.

Mills obtained judgment for the stipulated value of the automobile against appellants Stubblefield and Fick.

Although appellants list a dozen points, they epitomize and brief their contentions here as being (1) that assignment of title in blank by Mills did not render that, and subsequent transfers void; (2) that negligence of Mills estops him from asserting title against appellants; and (3) that Stubblefield was a bona fide purchaser. These are the only points briefed.

The Act makes no express requirement that the name of the purchaser be inserted in the assignment of title, but we do not consider it necessary to decide whether it is required by implication, or as to the effect of its omission. See McKinney v. Croan, 144 Tex. 9, 188 S.W.2d 144, 146; Erwin v. Southwestern Inv. Co., 147 Tex. 260, 215 S.W.2d 330, 332; Freeberg v. Securities Inv. Co., Tex.Civ.App., 331 S.W.2d 825, 827, writ ref.; World Fire & Marine Ins. Co. v. Puckett, Tex.Civ.App., 265 S.W.2d 641, 642, writ ref. n. r. e.; Griffin v. Moon, Tex.Civ.App., 288 S.W.2d 543, 546, no writ hist. It is to be noted that Sec. 33 of the Act provides that no motor vehicle may be disposed of at a subsequent sale unless the owner designated in the certificate shall transfer it "on form to be prescribed by the Department", which form shall include "such other matters as the Department may determine." The form of certificate in this record for the initial assignment contains the printed words, *"Don't Sign Until* 1. Name of purchaser shown."* Sec. 53 of the Act provides that "All sales made in violation of this Act shall be void and no title shall pass until the provisions of this Act have been complied with." We express no opinion on this first question.

■ Appellants' estoppel contention has been settled against them by the Supreme Court in Erwin v. Southwestern Inv. Co.,

147 Tex. 260, 215 S.W.2d 330, 332: "A person dealing with the holder of an incomplete transfer of a certificate of title is ordinarily in no position to plead estoppel against the true owner." In that case the transfer was incomplete in two respects: the transfer from the owner was not sworn to, and the name of the purchaser had not been filled in. The Supreme Court, immediately after the quoted holding said, "In McKinney v. Croan, 144 Tex. 9, 188 S. W.2d 144, the certificate had been sworn to but the name of the purchaser had been left blank. In holding that a purchaser from the person in possession of the incomplete transfer could not plead estoppel against the true owner, this Court said * * *."

McKinney v. Croan, in turn, points up the controlling question in this case, raised by appellants' argument that the judgment should be reversed because the undisputed evidence establishes Stubblefield was an innocent purchaser as a matter of law. The only material difference between the McKinney case and this is that there the person corresponding to "Gunn" in our case stole the car from a dealer who was not required by the Act to apply for a new certificate of title, and that person purported to act for himself in selling the car; whereas here, "Gunn" purported to act for the owner, Mills, in selling the car, and not for himself. There the Court held that since the thief represented himself to be the purchaser from the owner, he would be required as such by Sec. 27 of the Act to secure a certificate of title in his own name before selling the vehicle. Here, Mills as owner had executed the assignment in blank before a notary public. Erwin v. Southwestern Inv. Co. does not imply that title failed to pass because the transfer was executed in blank; it held that the owner, in dealing with the person to whom he delivered the title certificate (corresponding to "Gunn" here) "could not have sold the automobile to Dunn so as to pass good title without executing and swearing to the transfer before a Notary Public", and that

since the transfer was not sworn to, the certificate showed on its face the law had not been complied with.

Our case turns, therefore, on the contention there is no evidence supporting the court's determination that Stubblefield was not an innocent purchaser. This, in turn, requires a determination of whether there is no evidence to support the further finding of the trial court that "Gunn" did not have apparent authority to sell the car for Mills to Stubblefield, the court having found Stubblefield believed "Gunn" was Mills' agent. The court found that Stubblefield was negligent in failing to determine whether "Gunn" had authority to sell for plaintiff, and this negligence was a proximate cause of plaintiff's loss.

■ Evidence supporting the finding includes that of Stubblefield that "Gunn" did not tell him he was a salesman. "I assumed he was." He didn't give his name; "I never asked him." He stated "I am ignorant about titles", and did not see the title certificate, having merely inspected the car. Easley, Stubblefield's agent, testified he had no dealings with "Gunn" concerning purchase of the car, and did not know who he was; but he did inspect the car. The day after the purchase was agreed on, Gunn handed Easley the title certificate, and he "turned it over to see the lien released and handed it to" the office manager who gave Gunn a check. Easley testified he had not known of previous purchases by Stubblefield where the assignment was left blank. The fact that the present certificate was assigned in blank, he said, "didn't attract my attention", and he didn't notice it; "I am not a title man."

Stubblefield's office manager testified that Easley, accompanied by a man he didn't know, "brought me the title and said he was purchasing it from this fellow", and asked him to make out a check. He testified, "I issue a check to whoever I am told to issue it to, or to whoever's name is on the purchase order," and "I don't know

whether he's a salesman or not." He asked the strange man "who to make out the check to and he said W. H. Gunn." Although his testimony was that "I was under the impression he was shopping the car for a Ford dealer", he made the check payable to Gunn, and all Stubblefield's written records show "Gunn" was treated as the seller.

Under the record we do not believe we are justified in holding there is no evidence on the issue, or in overturning the trial court's determination in the respects complained of. Consequently, we think the judgment should be affirmed. Guinn v. Lokey, 151 Tex. 260, 249 S.W.2d 185, 188; Rohrbough v. Leopold, 68 Tex. 254, 4 S.W. 460, 461; Morrison v. Adoue, 76 Tex. 255, 13 S.W. 166, 168; Hall & Brown Wood-Working Mach. Co. v. Brown, 82 Tex. 469, 17 S.W. 715, 717; Gose v. Brooks, Tex. Civ.App., 229 S.W. 979, 981, err. ref.; Flatte v. Kossman Buick Co., Tex.Civ.App., 265 S.W.2d 643, 647, err. ref. n. r. e.; Gregory v. Laird, Tex.Civ.App., 212 S.W. 2d 193; 37–A Tex.Jur., Sec. 195, p. 410; Sec. 252, p. 527; Sec. 257, pps. 534–536. Affirmed.